UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L. NORMAN SHOWERS, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PFIZER, INC., et al., <br><br> Defendants. | Civil Action No. 04-CV-9866-RO <br><br> <u>CLASS ACTION</u> |
| PHILIP MORABITO, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PFIZER, INC., et al., <br><br> Defendants. | Civil Action No. 04-CV-9967-UA <br><br> <u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

|  |  |
|---|---|
| JOHN HAGGERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>PFIZER INC., et al.,<br><br>      Defendants. | Civil Action No. 04-CV-10001-UA<br><br><u>CLASS ACTION</u> |
| SHELDON MILLER P.C. DEFINED BENEFIT PLAN DATED NOVEMBER 1, 2002, On Behalf of Itself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>PFIZER INC., et al.,<br><br>      Defendants. | Civil Action No. 04-CV-10224-UA<br><br><u>CLASS ACTION</u> |
| MARVIN SCHAFFER, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>PFIZER INC., et al.,<br><br>      Defendants. | Civil Action No. 04-CV-10296-UA<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

|  |  |
|---|---|
| ──────────────────────────── x<br>RONALD HODGE, On Behalf of Himself and :<br>All Others Similarly Situated,          :<br>                                        :<br>                    Plaintiff,          :<br>                                        :<br>    vs.                                 :<br>                                        :<br>PFIZER, INC., et al.,                   :<br>                                        :<br>                    Defendants.         :<br>──────────────────────────── :<br>NICK HAY, On Behalf of Himself and All  :<br>Others Similarly Situated,              :<br>                                        :<br>                    Plaintiff,          :<br>                                        :<br>    vs.                                 :<br>                                        :<br>PFIZER, INC., et al.,                   :<br>                                        :<br>                    Defendants.         :<br>──────────────────────────── x<br>AMALGAMATED BANK, AS TRUSTEE            :<br>FOR THE LONGVIEW COLLECTIVE             :<br>INVESTMENT FUND, CENTRAL STATES,        :<br>SOUTHEAST AND SOUTHWEST AREAS           :<br>PENSION FUND, PLUMBERS AND              :<br>PIPEFITTERS NATIONAL PENSION FUND,:<br>and WEST VIRGINIA INVESTMENT            :<br>MANAGEMENT BOARD, On Behalf of          :<br>Themselves and All Others Similarly Situated, :<br>                                        :<br>                    Plaintiffs,         :<br>                                        :<br>    vs.                                 :<br>                                        :<br>PFIZER, INC., HENRY A. McKINNELL and    :<br>JOHN L. LaMATTINA,                      :<br>                                        :<br>                    Defendants.         :<br>                                        :<br>──────────────────────────── x | Civil Action No. 05-CV-00125-UA<br><br><u>CLASS ACTION</u><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 05-CV-00983-UA<br><br><u>CLASS ACTION</u><br><br><br><br><br><br><br><br><br>Civil Action No.: 05-CV-2076<br><br><u>CLASS ACTION</u> |

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ...................................................................................1

II. FACTUAL BACKGROUND........................................................................................2

III. ARGUMENT..................................................................................................................4

    A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES..........4

    B. THE INSTITUTIONAL INVESTOR GROUP SHOULD BE
       APPOINTED LEAD PLAINTIFF...........................................................................4

       1. The Procedure Required By The PSLRA .....................................................4

       2. The Institutional Investor Group Satisfies The "Lead Plaintiff"
          Requirements Of The Exchange Act ............................................................6

          a. The Institutional Investor Group Has Complied With The
              Exchange Act And Should Be Appointed Lead Plaintiff ................6

          b. The Institutional Investor Group Is Precisely the Type of
              Lead Plaintiff Congress Envisioned When It Passed the
              PSLRA .............................................................................................6

          c. The Institutional Investor Group Has The Requisite
              Financial Interest In The Relief Sought By The Class ....................7

          d. The Institutional Investor Group Otherwise Satisfies Rule
              23......................................................................................................8

    C. THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR
       GROUP'S CHOICE OF COUNSEL ....................................................................10

IV. CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ferrari v. Impath, Inc.*,
 No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ..............................1, 9

*Greebel v. FTP Software*,
 939 F. Supp. 57 (D. Mass. 1996)..............................................................................................6

*In re Global Crossing Sec. & ERISA Litig.*,
 No. 02md1472, 2004 U.S. Dist. LEXIS 23946 (S.D.N.Y. Nov. 23, 2004)...............................9

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (3d Cir. 1990) ...................................................................................................4

*Lax v. First Merchants Acceptance Corp.*,
 No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................................8

*Rossini v. Ogilvy & Mather, Inc.*,
 798 F.2d 590 (2d Cir. 1986) .....................................................................................................8

*Sofran v. Labranche & Co.*,
 220 F.R.D. 398 (S.D.N.Y. 2004) ..............................................................................................9

## STATUTES

15 U.S.C.
 §78u-4(a)(1).............................................................................................................................5
 §78u-4(a)(3)...........................................................................................................5, 6, 7, 8, 10

17 C.F.R.
 §240.10b-5 ...............................................................................................................................1

Fed. R. Civ. P. 42 (a) ..................................................................................................................4

H.R. Conf. Rep. No. 104-369, at 34 (1995)................................................................................6

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court are at least eight-related securities class action lawsuits (the "Actions")[1] brought on behalf of all those who purchased or otherwise acquired Pfizer, Inc. ("Pfizer" or the "Company") shares between December 15, 1999, and December 15, 2004, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investors Amalgamated Bank, as Trustee for the Longview Collective Investment Fund, Central States, Southeast and Southwest Areas Pension Fund, Plumbers and Pipefitters National Pension Fund, Unite National Retirement Fund and West Virginia Investment Management Board (collectively, the "Institutional Investor Group") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint the Institutional Investor Group as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve the Institutional Investor Group's selection of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to serve as Lead Counsel.

This motion is made on the grounds that the Institutional Investor Group is the most adequate plaintiff, as defined by the PSLRA. The members of the Institutional Investor Group are precisely the type of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, *10

---

[1]  Concurrent with the filing of this motion, the Institutional Investor Group is filing a similar motion in the District of Connecticut, where additional actions alleging the same violations of the federal securities laws are pending.

(S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, the members of the Institutional Investor Group are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

The Institutional Investor Group collectively suffered losses of $95,175,477.64 in connection with its purchases of thousands of Pfizer shares during the Class Period. *See* Rudman Decl. Ex. B.[2] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, the Institutional Investor Group, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND[3]

Pfizer is a research-based, global pharmaceutical company that discovers, develops, manufactures and markets prescription medicines for humans and animals, as well as consumer healthcare products.

The complaint charges Pfizer and certain of its officers and directors with violations of the Securities Exchange Act of 1934. The complaint alleges that during the Class Period, defendants issued false and misleading statements and omissions regarding the safety and marketability of

---

[2]   References to the "Rudman Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Samuel H. Rudman dated February 14, 2005, and submitted herewith.

[3]   These facts are drawn from the allegations in the complaint captioned *Amalgamated Bank, As Trustee For The Longview Collective Investment Fund, et al. vs. Pfizer Inc., et al.*, No. 05-CV-2076 (the "*Amalgamated Bank* Action").

Pfizer's Celebrex and Bextra COX-2 inhibitor products. Throughout the Class Period, defendants were made aware of strong indicators that Pfizer's COX-2 inhibitor drugs posed serious undisclosed health risks to patients who were prescribed the drugs. As a result of the defendants' false statements, Pfizer's stock traded at inflated levels during the Class Period.

The true facts which were known by each of the defendants, but concealed from the investing public during the Class Period, were as follows: (a) that several studies within the clinical program for Celebrex, including the 1999 Study and the CLASS Study, contained dramatic and troubling evidence of adverse cardiovascular events; (b) that defendants concealed the existence of, and did not publish, the 1999 Study; (c) that defendants concealed the adverse information in the CLASS Study by burying adverse cardiac events within numerous subcategories of "events" in order to hide and obfuscate the high overall number of adverse cardiac events; (d) that defendants artificially reduced the number of adverse cardiac events in the CLASS Study by allowing patients to take aspirin, a known cardioprotective drug; (e) that regulators lacked defendants' interpretative data and conclusions regarding adverse cardiovascular events and related safety issues from studies within the Celebrex clinical program; (f) that regulators repeatedly relied on a substantially deficient and defective safety package when considering approval actions for Celebrex label claims and indications; (g) that Celebrex was aggressively marketed despite dramatic and troubling evidence of adverse cardiovascular events and the highly deficient and defective safety profile of the drug; (h) that Celebrex could not be distinguished from Vioxx, since both drugs had demonstrated evidence of adverse cardiovascular events, and possessed a highly deficient and defective safety profile; (i) that the main reason Celebrex was such a successfully sold drug was because defendants falsely promoted it as safer than Vioxx, when, in fact, it was not; (j) that competitive claims in light of the Merck voluntary worldwide withdrawal of Vioxx were blatantly false and misleading; (k) that

Celebrex represented a threat to public health when taken as prescribed; and (l) that Pfizer's forecasted revenues and earnings would decline if the public became aware that Celebrex caused increased adverse cardiac events.

On December 17, 2004, Pfizer announced it had "received new information…about the cardiovascular safety of its COX-2 inhibitor Celebrex (celecoxib) based on an analysis of two long-term cancer trials." On this news, Pfizer shares fell to as low as $22 per share.

### III. ARGUMENT

#### A. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Pfizer shares for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Pfizer shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Pfizer securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (3d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

#### B. THE INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

##### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *L. Norman Showers vs. Pfizer, Inc., et al.*, Civil Action No. 04-CV-9866-RO (the "*Showers* Action") caused the first notice regarding the pendency of these actions to be published on *PR Newswire*, a national, business-oriented newswire service, on December 16, 2004. *See* Rudman Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

2.  **The Institutional Investor Group Satisfies The "Lead Plaintiff" Requirements Of The Exchange Act**

   a.  **The Institutional Investor Group Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on February 14, 2005. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on December 16, 2004), the Institutional Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Institutional Investor Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. *See* Rudman Decl. Ex. C. In addition, the Institutional Investor Group has selected and retained competent counsel to represent them and the class. *See* Rudman Decl. Ex. D. Accordingly, the Institutional Investor Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

   b.  **The Institutional Investor Group Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. The members of the Institutional Investor Group, as institutional investors, are precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id.* ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

In addition, the Institutional Investor Group have met and conferred concerning the prosecution of this litigation and devised procedures to effectively oversee this litigation and maximize the recovery to the Class. Moreover, on February 14, 2005, the Institutional Investor Group filed its own complaint[4] in these Actions.

      c.    **The Institutional Investor Group Has The Requisite Financial Interest In The Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Rudman Decl. Ex. C, the Institutional Investor Group purchased thousands of Pfizer shares in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, the Institutional Investor Group incurred a substantial $95,175,477.64 loss on its transactions in Pfizer shares. The Institutional Investor Group thus has a significant financial interest in this case. Therefore, the Institutional Investor Group

---

[4] Unite National Retirement Fund ("Unite") intended to be included as a named plaintiff in this complaint, but due to technical difficulties, it was unable to provide a signed certification at the time the complaint had to be filed. However, Unite is part of the Institutional Investor Group, has joined in this motion, has filed a signed certification at this time, has been actively involved in the meetings of the Institutional Investor Group, and intends to vigorously litigate this action with the other members of the Group.

satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. The Institutional Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997). The Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be

no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004). (The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Impath,* 2004 U.S. Dist. LEXIS 13898, *18.

The members of the Institutional Investor Group satisfy this requirement because, just like all other class members, they: (1) purchased Pfizer shares during the Class Period; (2) purchased Pfizer shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Institutional Investor Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Institutional Investor Group to represent the class to the existence of any conflicts between the interest of the Institutional Investor Group and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representatives' claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.,* No. 02md1472, 2004 U.S. Dist. LEXIS 23946, *53 (S.D.N.Y. Nov. 23, 2004).

Here, the members of the Institutional Investor Group are adequate representatives of the class. As evidenced by the injuries suffered by the Institutional Investor Group, who purchased

Pfizer shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Institutional Investor Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Institutional Investor Group's interests and those of the other members of the class. Further, the Institutional Investor Group has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Institutional Investor Group's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Institutional Investor Group prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Institutional Investor Group has selected the law firm of Lerach Coughlin as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions. *See* Rudman Decl. Ex. D. Accordingly, the Court should approve the Institutional Investor Group's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint the Institutional Investor Group as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: February 14, 2005

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)
MARIO ALBA JR. (MA-7240)

        /s/ Samuel H. Rudman
        SAMUEL H. RUDMAN

200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
ARTHUR C. LEAHY
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Pfizer\LP Motion\NY\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Elizabeth Gerardini, an employee of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, hereby certify that on February 14, 2005, I caused a true and correct copy of the attached:

Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

Declaration of Samuel H. Rudman in Support of the Motion of the Institutional Investor Group for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

Memorandum in Support of the Motion of the Institutional Investor Group for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Elizabeth Gerardini*
Elizabeth Gerardini - Paralegal

PFIZER 04 (NY)
Service List - 2/10/2005   (04-0577)
Page 1 of 2

**Counsel For Defendant(s)**

Tom M. Fini
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY  10281
   212/504-6000
   212/504-6666(Fax)


**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655(Fax)

John G. Emerson, Jr.
Scott E. Poynter
Elizabeth Watson
Emerson Poynter LLP
2228 Cottondale Lane, Suite 100
Little Rock, AR  72202
   501/907-2555
   501/907-2556(Fax)

Donald J. Enright
Michael G. McLellan
Finkelstein, Thompson & Loughran
1050 30th Street, N.W.
Washington, DC  20007
   202/337-8000
   202/337-8090(Fax)

Thomas J. McKenna
Gainey & McKenna
485 Fifth Avenue, 3rd Floor
New York, NY  10017
   212/983-1300
   212/983-0383(Fax)

Russell A. Ingebritson
Ingebritson & Associates, P.A.
100 South Fifth Street, Suite 450
Minneapolis, MN  55402
   612/340-8290
   612/342-2990(Fax)

Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
   412/391-5164
   412/471-1033(Fax)

PFIZER 04 (NY)
Service List - 2/10/2005   (04-0577)
Page 2 of 2

Curtis V. Trinko
Jeffrey B. Silverstein
Law Offices of Curtis V. Trinko LLP
16 West 46th Street, Seventh Floor
New York, NY  10036
   212/490-9550
   212/986-0158(Fax)

Richard A. Lockridge
Karen Hanson Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
   612/339-6900
   612/339-0981(Fax)

Marc A. Topaz
Richard A. Maniskas
Tamara Skivirsky
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056(Fax)

Samuel H. Rudman
David A. Rosenfeld
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
   631/367-7100
   631/367-1173(Fax)

Eric J. Belfi
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892(Fax)

Fred T. Isquith
Christopher S. Hinton
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY  10016
   212/545-4600
   212/545-4653(Fax)