UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

IN RE PFIZER INC. SECURITIES
LITIGATION

No. 04 Civ. 9866 (LTS)(HBP)
No. 05 MD 1688 (LTS)

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 2 2 2012

MEMORANDUM OPINION AND ORDER

Lead Plaintiff Teachers' Retirement System of Louisiana ("TRSL") brings this action on behalf of a putative class of investors ("Plaintiffs") who purchased or acquired Pfizer, Inc. ("Pfizer") stock between October 31, 2000 and October 19, 2005 (the "Class Period"), against Pfizer and corporate officers Henry McKinnell, John LaMattina, Karen Katen, Joseph Feczko, and Gail Cawkwell (together, the "Individual Defendants" and, with Pfizer, "Defendants"). Plaintiffs allege that Defendants violated the federal securities laws by concealing the results of studies concerning two Pfizer drugs, Celebrex and Bextra, and by making misstatements and omissions in their public filings and statements concerning the company. Since the filing of the Consolidated Class Action Complaint ("CCAC") on February 16, 2006, this case has survived a motion to dismiss, two motions for reconsideration, and a five-day Daubert proceeding. Presently before the Court is Plaintiffs' motion for leave to file an amended complaint. The Court has considered thoroughly all of the parties' arguments and, for the following reasons, the motion is granted.

BACKGROUND

On May 5, 2006, Defendants moved to dismiss the CCAC and, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), all discovery was stayed pending

resolution of the motion. On July 1, 2008, the Court granted in part and denied in part Defendants' motion to dismiss the CCAC (the "July Opinion"). Relying on statements in the CCAC allegedly made by four former Pharmacia employees (the "Quoted Former Employees"), the Court found that Plaintiffs had adequately pleaded scienter, and sustained Plaintiffs' claims under Section 10(b), Section 20(a) and Section 20A of the Exchange Act. Defendants moved for reconsideration of the Court's ruling on July 16, 2008, and the Court denied that motion on September 4, 2008. Defendants next requested that the Court hold an evidentiary hearing to determine whether Plaintiffs could offer sufficient admissible evidence that Celebrex and Bextra were associated with cardiovascular risk during the Class Period. After a five-day Daubert proceeding, held in October 2009, the Court determined that the challenged expert testimony was admissible. Familiarity with Plaintiffs' claims and the prior proceedings is assumed.

    Discovery ensued, with Plaintiffs obtaining forty-five million pages of documents from Defendants, and conducting more than fifty depositions of current and former employees of Pfizer, Pharmacia and Searle. On August 20, 2010, the Court entered a Scheduling Order, directing that "any motions for amendments to the pleadings shall be made no later than thirty (30) days after the completion of fact discovery." Fact discovery concluded on December 17, 2011 and, on January 17, 2012, Plaintiffs timely filed this motion for leave to amend.

    On November 23, 2011, Defendants again moved for reconsideration of the Court's denial of their motion to dismiss the CCAC, citing new evidence that the statements attributed to the Quoted Former Employees in the CCAC were the product of misrepresentations. On March 22, 2012, the Court denied that motion. Familiarity with the proffers and arguments underlying the motion for reconsideration, which are relevant to the instant motion for leave to amend, is assumed.

DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). While granting or denying such leave is within the discretion of the district court, Reisner v. General Motors Corp., 511 F. Supp. 1167, 1171 (S.D.N.Y. 1981), leave to amend will generally be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery. See, e.g., Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 417 (S.D.N.Y. 2008) (granting leave to amend when plaintiff sought to add factual material that did not alter its substantive legal claims); Kirk v. Metropolitan Transp. Auth., No. 99 Civ 3787, 2001 WL 258605, at * 17 (S.D.N.Y. Mar. 14, 2001) (granting leave to amend "to plead facts learned in discovery that support previously noticed causes of action"). This is Plaintiffs' first request for leave to amend the CCAC.

Plaintiffs' request is not unduly delayed

Plaintiffs seek to file a Proposed Amended Complaint ("PAC") that conforms the pleadings to the evidence produced in fact discovery. Defendants argue, however, that Plaintiffs timed their motion so as to evade Defendants' motion for reconsideration and opposition to Plaintiffs' motion for class certification. In particular, Defendants contend that Plaintiffs have known of Defendants' concerns about the CCAC's scienter allegations since November 2011,

but did not seek leave to amend the complaint until Defendants indicated that their motion for reconsideration was imminent. Defendants additionally contend that Plaintiffs' motion is merely an attempt to "forestall a ruling against the[m]," Reisner, 511 F. Supp. at 1172, and note that leave to amend should be denied when a plaintiff moves for such leave only after it perceives that it is in "serious danger of losing [its] case." Lee v. Regal Cruises, 916 F. Supp. 300, 304 (S.D.N.Y. 1996). As noted above, Plaintiffs' motion to amend the complaint was timely, having been made within the time limit previously established by the Court. To the extent Defendants seek to establish undue delay on the basis of the pendency of their motion for reconsideration, the simple answer is that Plaintiffs made their motion within the time allotted.[1]

In re GPC Biotech AG Sec. Litig., No. 07 Civ. 06728 (DC), 2009 WL 5125130 (S.D.N.Y. Dec. 29, 2009), a decision on which Defendants rely heavily, does not point to a different result here. In that case, the plaintiffs had relied on false allegations that were critical to their claims, did not investigate the factual basis of the allegations until two years into the litigation -- following the briefing of a motion to dismiss the complaint -- despite numerous

---

[1] Defendants argue that Plaintiffs could have sought leave to amend much earlier because "all of the documentary evidence cited . . . as justification for the amendment either was publicly available before the putative class period ended in 2005, or was produced in discovery by March 2009." (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend at 2). Plaintiffs have pointed, however, to documents relied upon in the PAC that were produced only after March 2009. (See Declaration of Charles T. Caliendo in Further Support of Plaintiffs' Motion for Leave to Amend the Consolidated Class Action Complaint, Exs. A-C.) Additionally, given that Plaintiffs filed this motion for leave to amend pursuant to the Court's scheduling order, Defendants have not met their burden of establishing that the "motion [was] made after an inordinate delay, no satisfactory explanation [was] offered for the delay, and the amendment would prejudice the defendant[s]." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); see also Gary Friedrich Enterprises v. Marvel Enterprises, No. 08 Civ. 1533, 2011 WL 1142916, at *2 (S.D.N.Y. Mar. 22, 2011) (granting leave to amend, inter alia, because "motion was timely filed pursuant to [court's] scheduling order").

earlier warnings by the Defendants, and then sought to amend the complaint to abandon the false claims. The GPC court found undue delay and that the amendment would have been futile in any event. Here, Plaintiffs seek to augment, rather than abandon, the scienter allegations that Defendants challenge, and Defendants' renewed request for dismissal of the CCAC has been denied.

Plaintiffs' request to amend the complaint would not unduly prejudice Defendants

A party is unduly prejudiced by amendment of a complaint if such amendment would, among other things, "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute." Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993). Once again, the crux of Defendants' opposition to Plaintiffs' motion is that, in denying Defendants' motion to dismiss the CCAC, the Court relied on now-discredited statements by former Pharmacia employees to find that Plaintiffs had adequately pleaded scienter. Defendants contend that they would be prejudiced if Plaintiffs' request to amend the CCAC were granted, because the case should never have progressed beyond the motion to dismiss stage, and consequently Plaintiffs were not entitled to any of the discovery with which they seek to bolster their complaint.[2] As previously noted, however, the Court has denied Defendants' motion for reconsideration, and upheld its original decision that the CCAC adequately pleaded scienter. Therefore, Plaintiffs *were* entitled to discovery, and their use of such discovery to supplement the complaint does not unduly prejudice Defendants.

---

[2] The PSLRA specifically stays all discovery pending resolution of a motion to dismiss.

<u>Plaintiffs' request to amend the complaint is not futile</u>

Defendants argue that granting Plaintiffs leave to amend the CCAC would be futile, because Plaintiffs' PAC still fails to state a claim. See <u>Hampton Bays Connections, Inc. v. Duffy</u>, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (the futility of a proposed amendment is evaluated "under the same standards that govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6)"). In particular, Defendants argue that the proposed amended complaint does not allege scienter against any of the Individual Defendants or Pfizer, and that the Supreme Court's intervening decision in <u>Janus Capital Group v. First Derivative Traders</u>, 131 S. Ct. 2296 (2011), precludes Plaintiffs from alleging Defendants' liability for statements they did not make.

<u>Plaintiffs have adequately pleaded scienter</u>

All of Defendants' arguments that the PAC does not adequately plead scienter appear to be premised on the assumption that the Court would grant Defendants' motion for reconsideration, and dismiss Plaintiffs' original CCAC. Since the Court has denied Defendants' motion for reconsideration, Defendants' arguments that the PAC (which only supplements the original CCAC) does not plead scienter sufficiently are unavailing.

<u>The Supreme Court's decision in Janus does not render amendment of the complaint futile</u>

In <u>Janus Capital Group v. First Derivative Traders</u>, 131 S. Ct. 2296 (2011), plaintiffs brought suit against an investment adviser for "making" false statements in its client mutual fund's prospectuses. <u>Id.</u> at 2299. The Supreme Court held that "[t]he maker of a statement is the person or entity with ultimate authority over the statement, including its content

and whether and how to communicate it." Id. at 2302. Because nothing "on the face of the prospectuses indicate[d] that any statements" came from the investment advisor, and "none of the statements in the prospectuses were attributed, explicitly or implicitly, to [the investment advisor]," the Court concluded that the advisor had not "made" any actionable misrepresentations or omissions and could not be held liable under Rule 10b-5. Id. at 2305, 2305 n.11.

Relying on Janus, Defendants argue that Plaintiffs' request to amend the complaint is futile because the PAC does not adequately allege that any of the Individual Defendants "made" materially false or misleading statements. Janus did "not[, however,] alter the well-established rule that 'a corporation can act only through its employees and agents.'" In re Merck & Co., Sec., Derivative & "ERISA" Litig., MDL No. 1658, 2011 WL 3444199, at *25 (D.N.J. Aug. 8, 2011) (quoting Suez Equity Investors, L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 101 (2d Cir. 2001)); see also Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp., 2011 U.S. Dist. LEXIS 93873, at *15 (N.D. Ala. Aug. 23, 2011) ("nothing in Janus stands for the proposition that CEOs and CFOs can not be liable for false and misleading statements in their own company's financial statements"). In Merck, the court found that a senior Merck executive was liable for statements in the company's public filings that contained actionable misrepresentations. The Merck Court distinguished Janus, noting that the defendant "was at the time of each attributed statement an officer of Merck" who "made the statements pursuant to his responsibility and authority to act as an agent of Merck, not as in Janus, on behalf of some separate and independent entity." 2011 WL 3444199, at *25.

Here, Plaintiffs do not seek to hold a corporate actor liable for statements over which another corporation had ultimate control. Rather, the PAC explicitly alleges that the

Individual Defendants themselves made several of the misstatements at issue.³ (See, e.g., PAC ¶¶ 395, 430, 432, 441, 445.) The PAC also adequately alleges that the Individual Defendants are liable for statements issued in Pfizer press releases, because they "were involved in drafting, reviewing and/or disseminating the false and misleading financial statements that were issued by Pfizer, approved or ratified these statements and, therefore, adopted them as their own." (PAC ¶ 54.) While statements in Pfizer's press releases were not explicitly attributed to the Individual Defendants, "Janus recognized that attribution [can] be 'implicit from surrounding circumstances.'" City of Roseville Employees' Retirement System v. EnergySolutions, Inc., No. 09 Civ. 8633, 2011 WL 4527328, at *18 (S.D.N.Y. Sept. 30, 2011) (quoting Janus, 131 S. Ct. at 2302). Given the allegations that the Individual Defendants "approved or ratified" any statements issued by Pfizer, the PAC adequately pleads that such statements were attributed to and ultimately controlled by the Individual Defendants.⁴

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is granted. Plaintiffs are directed to file their Amended Complaint by April 4, 2012. This Memorandum Opinion and Order resolves

---

³ The PAC also alleges that Defendant McKinnell signed Pfizer's public filings (PAC 32-33), and so adequately alleges his liability, under Janus, for misrepresentations in those filings. See Merck, 2011 WL 344199, at *25 (executive liable for statements in company's public filings when he signed those filings).

⁴ Defendants also contend that, under Janus, the PAC fails to state a claim that Pfizer is liable for statements released by Pharmacia or Pharmacia employees. The Court declines to consider the merits of this argument at this juncture, since the PAC adequately states Section 10(b) and Rule 10b-5 claims against Pfizer based on allegations that Pfizer itself made numerous misstatements. (See generally PAC ¶¶ 348-473.)

docket entry no. 343.


Dated: New York, New York
       March 22, 2012

                                                     LAURA TAYLOR SWAIN
                                                     United States District Judge