UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 5 2012

------------------------------------------------------------x

IN RE PFIZER INC. SECURITIES LITIGATION   :     No. 04-CV-9866 (LTS)(HBP)

                                          :     ECF CASE

                                          :

------------------------------------------------------------x

## [PROPOSED] ORDER APPROVING
## NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

WHEREAS, by Opinion dated March 29, 2012, and Amended Order Granting Motion for

Class Certification dated April 6, 2012, the Court certified the above-captioned action (the

"Action") to proceed as a class action on behalf of: (i) a main class consisting of all persons and

entities who purchased and/or otherwise acquired Pfizer Inc. ("Pfizer") common stock between

and including October 31, 2000 and October 19, 2005, with the exception of: (a) any persons or

entities who both purchased and sold all of their shares of Pfizer common stock between and

including October 31, 2000 and October 6, 2004; (b) Pfizer and the Individual Defendants;[1]

(c) members of the immediate family of each of the Individual Defendants; (d) subsidiaries or

affiliates of Pfizer or any of the Individual Defendants; (e) any person or entity who is, or was

during the Class Period, a partner, officer, director, employee or controlling person of Pfizer or

any of the Individual Defendants; (f) any entity in which any of the Individual Defendants has a

controlling interest; (g) the legal representatives, heirs, successors or assigns of any of the

excluded persons or entities specified in this paragraph; and (h) the insurance carriers or their

---

[1]    The Individual Defendants are Henry A. McKinnell, John L. LaMattina, Karen L. Katen, Joseph M. Feczko and Gail Cawkwell.

affiliates who insure the Defendants (the "Main Class"), and (ii) a Rule 20A subclass consisting of all members of the Main Class, not otherwise excluded, who purchased contemporaneously with sales of Pfizer common stock by Individual Defendants Henry McKinnell, Karen Katen and John LaMattina on any of the following dates: 10/26/00, 11/6/00, 10/19/01, 10/23/01, 10/29/01,[2] 02/21/02, 02/25/02, 02/27/03, 11/18/03, 2/26/04, 2/24/05, 05/06/05, 05/10/05 and/or 8/16/05 (the "20A Subclass" and together, with the Main Class, the "Class").

WHEREAS, Lead Plaintiff, Teachers Retirement System of Louisiana, and additional named plaintiffs Christine Feckles, Julie Perusse and Alden Chace (collectively, the "Class Representatives") have moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of notices to be disseminated to the Class as well as the proposed method for dissemination of these notices;

WHEREAS, Pfizer and the Individual Defendants (collectively, the "Defendants") do not oppose this request; and

WHEREAS, the Court has reviewed the proposed notices submitted by the Class Representatives, and has found good cause for entering the following Order.

---

[2] The parties have brought to the Court's attention that the 10/29/01 trade date was inadvertently included in the definition of the 20A Subclass; the Court therefore approves notice documents excluding the 10/29/01 date from the definition of the 20A Subclass.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices"), attached hereto as Exhibits 1 and 2, respectively.

2. The form and content of the proposed Notice meet the requirements of Rule 23(c)(2)(B) as the Notice states in plain and easily understood language:

 (a) The nature of the action and the relevant procedural history;

 (b) The definition of the Class certified;

 (c) The claims alleged by the Class and Defendants' potential defenses thereto;,

 (d) The date of the final pre-trial conference;

 (e) That a Class member may enter an appearance through an attorney if the member so desires;

 (f) That the Court will exclude from the Class any member who timely requests exclusion and the time and manner for making such a request;  and

 (g) The binding effect of any settlement or judgment on Class members under Federal Rule of Civil Procedure 23(c)(3).

The Notice and Summary Notice, as well as the method and schedule set forth herein for notifying Class Members of the pendency of this Action as a class action, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Notice Administrator.

4. The Notice Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first-class mail, postage prepaid, not later than

twenty-one (21) calendar days from entry of this Order (the "Notice Date"), to all Class Members who can be identified with reasonable effort.

        5.      The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves purchased and/or otherwise acquired common stock issued by Pfizer between and including October 31, 2000 and October 19, 2005. Such nominees shall either (a) within seven (7) calendar days of receipt of the Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.

        6.      The Notice Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published in *The Wall Street Journal* and *The New York Times* and transmitted over PR Newswire within ten (10) calendar days of the Notice Date (the "Publication Date").

7. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in writing by first-class mail, postmarked no later than forty-five (45) calendar days after the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *In re Pfizer Inc. Securities Litigation*, No. 04-CV-9866, and must clearly (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Pfizer common stock purchased, otherwise acquired and/or sold during the Class Period as well as the dates and prices of each such purchase, acquisition and/or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative of that person or entity. The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

8. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than forty-five (45) calendar days after the Notice Date.

9. Class Counsel shall file with the Court proof of mailing of the Notice and proof of publication of the Summary Notice within ten (10) business days following the Publication Date. Class Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have requested exclusion from the Class within twenty-one (21) calendar days following the expiration of the exclusion deadline.

10. The costs of the Notices initially shall be borne by Plaintiffs or their counsel.

11. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

DATED: New York, NY
July 3, 202

SO ORDERED:

_____
LAURA TAYLOR SWAIN
United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                    :

IN RE PFIZER INC. SECURITIES LITIGATION   :   NO. 04-CV-9866 (LTS)(HBP)
                                    :

                                    :   ECF CASE
                                    :

                                    :
-------------------------------------------------------------X

## NOTICE OF PENDENCY OF CLASS ACTION

**To:**    **All persons and entities who purchased and/or otherwise acquired Pfizer Inc.
("Pfizer" or "PFE") common stock between and including October 31, 2000 and
October 19, 2005.**

     *A federal court has authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT
PENDING IN THIS COURT.**

The purpose of this Notice is to inform you of a class action lawsuit that is now pending in the
United States District Court for the Southern District of New York (the "Court") under the above
caption (the "Action") against Pfizer and Henry A. McKinnell, John L. LaMattina, Karen L.
Katen, Joseph M. Feczko and Gail Cawkwell (the "Individual Defendants" and, collectively with
Pfizer, the "Defendants"). This Notice is intended only to advise you of the pendency of the
Action and your rights with respect to the Action.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure
and an Order of the Court, of the pendency of the Action as a class action.

This Notice is directed to you in the belief that you may be a member of the Class whose rights
might be affected by this Action. If you do not meet the Class definition, this Notice does not
apply to you. If you are uncertain whether you are a member of the Class, contact Class Counsel
listed in paragraph 21 below, or consult your own attorney.

This Notice is not an admission by Defendants or an expression of any opinion of the Court
concerning the merits of the Action, or a finding by the Court that the claims asserted by Lead
Plaintiff and the additional named plaintiffs (collectively, the "Plaintiffs") in this case are valid.
Defendants have denied Plaintiffs' claims and maintain that they are not liable for the injury
alleged by Plaintiffs. The Class definition may be subject to change by the Court pursuant to
Rule 23.

# THE CLASS

1.      The Court has entered an order certifying the Action as a class action on behalf of a class of purchasers of Pfizer common stock.

2.      A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly-situated persons and entities to obtain monetary or other relief for the benefit of the entire group, known as a class. Class actions avoid the necessity of each member of a class having to file a separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class.

3.      In this case, the class includes:

     (a)      All persons or entities who purchased and/or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005 (the "Class Period"), *with the exception of*:

     (1) any persons or entities who both purchased and sold all of their shares of Pfizer common stock between and including October 31, 2000 and October 6, 2004; (2) Pfizer and the Individual Defendants; (3) members of the immediate family of each of the Individual Defendants; (4) subsidiaries or affiliates of Pfizer or any of the Individual Defendants; (5) any person or entity who is, or was during the Class Period, a partner, officer, director, employee or controlling person of Pfizer or any of the Individual Defendants; (6) any entity in which any of the Individual Defendants has a controlling interest; (7) the legal representatives, heirs, successors or assigns of any of the excluded persons or entities specified in this paragraph; and (8) the insurance carriers or their affiliates who insure the Defendants (the "Main Class"); and

     (b)      A subclass consisting of all members of the Main Class, not otherwise excluded, who purchased Pfizer common stock contemporaneously with the sale of Pfizer common stock by Individual Defendants Henry A. McKinnell, Karen L. Katen and John L. LaMattina on any of the following dates: October 26, 2000, November 6, 2000, October 19, 2001, October 23, 2001, February 21, 2002, February 25, 2002, February 27, 2003, November 18, 2003, February 24, 2005, May 6, 2005, May 10, 2005 or August 16, 2005 (the "20A Subclass," and together with the Main Class, the "Class").

## DESCRIPTION AND STATUS OF THIS ACTION

4.      Beginning in December 2004, several putative securities fraud class actions were filed against Pfizer and certain of its officers and directors for allegedly violating Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5. By Order dated October 21, 2005, the Court consolidated these actions and appointed Teachers Retirement System of Louisiana as Lead Plaintiff pursuant to the Private Securities Litigation

Reform Act of 1995. The Court also designated Grant & Eisenhofer P.A. as lead counsel for the Class.

     5.     On February 16, 2006, Lead Plaintiff filed its Consolidated Class Action Complaint (the "Complaint"). The Complaint alleged, among other things, that Pfizer and the Individual Defendants, who were allegedly controlling officers and/or directors of Pfizer, made materially false and misleading statements and omitted material information from Pfizer's public reports and documents about the cardiovascular risks associated with Celebrex and Bextra. As a result of these misrepresentations, Plaintiffs allege that the price of Pfizer common stock during the Class Period was artificially inflated. Plaintiffs alleged that once the truth about these cardiovascular risks began to emerge, the price of Pfizer common stock declined in value and Class Members suffered losses. Plaintiffs also alleged that three former officers and/or directors of Pfizer sold shares of Pfizer stock during the Class Period while in possession of material information about the cardiovascular safety of Celebrex and Bextra that was not disclosed to the public. Plaintiffs asserted claims under several provisions of the federal Securities Exchange Act of 1934 (the "Exchange Act") as well as state securities and fraud law.

     6.     Defendants moved to dismiss the Complaint on May 5, 2006. The motion was fully briefed and the Action was reassigned to Judge Swain on February 22, 2008. By Order dated July 1, 2008, the Court granted in part and denied in part Defendants' motion to dismiss (the "Motion to Dismiss Opinion"). The Court dismissed Plaintiffs' claims for common law fraud, violations of state securities laws, and Section 18 of the Exchange Act but allowed Plaintiffs to continue litigating their claims for violations of Sections 10(b), 20(a), and 20A of the Exchange Act.

     7.     On July 16, 2008, Defendants filed a motion for reconsideration requesting that the Court reconsider its partial denial of their motion to dismiss. The Court denied this request by Order dated September 4, 2008.

     8.     Defendants answered the Complaint on September 15, 2008. In their answer, Defendants denied Plaintiffs' legal claims. In particular, Defendants denied that any of them made material misstatements relating to Celebrex or Bextra's cardiovascular safety or omitted alleged material facts about those issues. Defendants also denied that any of them acted recklessly or with intent to defraud Pfizer's shareholders, as is required to find a violation of the federal securities provisions at issue. Defendants further denied that Plaintiffs' economic losses were caused by Defendants.

     9.     At Defendants' request, the Court directed the parties to conduct discovery to determine whether reliable scientific evidence existed to show that Celebrex or Bextra was associated with increased cardiovascular risk. The parties exchanged expert reports on these scientific issues and, pursuant to Rule 702 of the Federal Rules of Evidence, the Court held a five-day *Daubert* hearing in October 2009. Each of the parties asked the Court to preclude the other side from offering the opinion testimony of their experts. Following the *Daubert* hearing, the Court denied the parties' respective motions, refusing to exclude any experts.

10.     Thereafter, the parties commenced discovery on all aspects of the case. To date, the parties have conducted over 60 depositions and have exchanged approximately tens of millions pages of documents.

11.     On March 16, 2011, Lead Plaintiff filed a motion for class certification, which Defendants opposed on November 22, 2011.

12.     While Lead Plaintiff's motion for class certification was pending, Defendants moved the Court for reconsideration of the Motion to Dismiss Opinion. By Order dated March 22, 2012, the Court denied Defendants' second motion for reconsideration.

13.     During the same time, Lead Plaintiff moved the Court for leave to file an amended complaint. The Court granted Lead Plaintiff's motion on March 22, 2012. Lead Plaintiff filed the Amended Consolidated Class Action Complaint on March 27, 2012 (the "Amended Complaint").

14.     On March 29, 2012, the Court issued its Opinion and Order granting Lead Plaintiff's motion for class certification. On April 6, 2012, the Court issued its Amended Order Granting Motion for Class Certification.

15.     On May 10, 2012, Defendants answered the Amended Complaint. Defendants continue to deny Plaintiffs' factual allegations and the legal claims against them. Defendants have moved for summary judgment, asking the Court to dismiss the claims against them and end the case. Plaintiffs intend to oppose that motion. The parties also are preparing other pre-trial motions designed to narrow the issues to be tried before a jury in the event that Defendants' summary judgment motion is not granted. A final Pre-Trial Conference has been scheduled for September 14, 2012. The Court has not yet set a trial date.

## YOUR RIGHTS AS A CLASS MEMBER

16.     If you purchased and/or otherwise acquired Pfizer common stock during the Class Period, you may be a member of the Class. If you choose to remain a member of the Class, you do not need to do anything at this time. You will automatically be included in the Class unless you request exclusion in accordance with the procedure set forth in paragraph 19, below. Your decision is important for the following reasons:

- **If you choose to remain in the Class,** you will be bound by all orders and judgments in this Action, whether favorable or unfavorable. If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court, you may be eligible to receive a share of that award. If Defendants prevail, you may not pursue a lawsuit on your own behalf with regard to any of the issues decided in this Action. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion as to whether a second opportunity to request exclusion from the Class will be allowed if there is a settlement or judgment in this Action. Your interests are being represented by the representatives of the Class and Class Counsel. You will not be personally responsible for attorneys' fees or costs unless you hire

-4-

your own individual attorney. Class Counsel has agreed to represent the Class on a contingent fee basis, which means that it will be awarded fees and costs only if it succeeds in obtaining a recovery from one or more Defendants. Any attorneys' fees will be awarded by this Court from the settlement or judgment, if any, obtained on behalf of the Class. You may remain a member of the Class and elect to be represented by counsel of your own choosing. If you retain separate counsel, you will be responsible for that counsel's fees and expenses and such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in paragraph 21 below on or before [same as exclusion deadline].

- **If you choose to be excluded from the Class**, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action. However, you may individually pursue any legal rights that you may have against any of the Defendants with respect to the claims asserted in the Action. Please refer to paragraphs 19-20 below if you would like to exclude yourself from the Class.

17.    Class Members may be eligible to recover damages if a recovery is obtained in this Action though this Notice is not intended to suggest that Lead Plaintiff or Class Members will recover any such damages.

18.    If there is a recovery, you will be required to prove your membership in the Class with documentation of any purchases, acquisitions and sales of Pfizer common stock and the resulting damages. ***Please be sure to keep all records of your transactions in Pfizer common stock***.

## HOW TO BE EXCLUDED FROM THE CLASS

19.    If you fall within the Class definition and are not otherwise excluded, you will automatically be considered a member of the Class unless you request exclusion. Any member of the Class may request not to be bound by these proceedings. To exclude yourself from the Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *In re Pfizer Inc. Securities Litigation*, No. 04-CV-9866." Be sure to include: (i) your name, address, and telephone number, (ii) the number of shares of Pfizer common stock purchased, otherwise acquired and/or sold during the relevant time period as well as the dates and prices of each such purchase, acquisition and/or sale during the relevant time period; and (iii) the signature of the person or entity requesting exclusion or an authorized representative. Your request for exclusion will not be effective unless it contains all of this information.

20.     You must then mail your exclusion request, postmarked no later than [45 days after Notice Date], to:

Pfizer Inc. Securities Litigation
Notice Administrator
P.O. Box 3410
Portland, OR 97208-3410

Please note that you cannot exclude yourself from the Class by telephone or e-mail. If your request for exclusion is timely mailed and follows the above requirements, then you will not be bound by any judgment in this Action and you may pursue any individual legal rights you may have against any of the Defendants. However, if you validly request exclusion, then you will not be eligible to share in any recovery in this Action, should any recovery be obtained. Do <u>not</u> request exclusion if you wish to participate in this Action as a Class Member.

## CLASS COUNSEL

21.     As a Class Member, you will be represented by Class Counsel, who are:

Jay W. Eisenhofer, Esquire
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
-and-

Mary S. Thomas, Esquire
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
(302) 622-7000

22.     As noted above, unless you elect to retain your own personal lawyer, you will not be directly obligated to pay any costs to litigate this Action. In the event there is a recovery by the Class in this Action, all costs and expenses of the Action, including Class Counsel's fees, will be paid from that recovery in an amount approved by the Court.

## PLEASE KEEP YOUR ADDRESS CURRENT

23.     To assist the Court and the parties in maintaining an accurate list of Class Members, please update your name and contact information. You may update this information

QUESTIONS? CALL **(888) 236-0464** TOLL FREE, OR VISIT WWW.PFIZERSECURITIESLITIGATION.COM

online at www.PfizerSecuritiesLitigation.com, by e-mailing your name and any changes in your address to info@PfizerSecuritiesLitigation.com, or by mailing this information to:

Pfizer Inc. Securities Litigation
Notice Administrator
P.O. Box 3410
Portland, OR 97208-3410

24. If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is no longer current, you should immediately contact the Notice Administrator and provide them with your correct address. If the Notice Administrator does not have your correct address, you may not receive notice of important developments in this Action, or information about any potential settlements that may be obtained for the benefit of the Class.

## WHERE YOU CAN FIND ADDITIONAL INFORMATION

25. This Notice provides only a summary of the lawsuit and the claims asserted by Plaintiffs. For more detailed information regarding the Action, you may contact Class Counsel, call the Notice Administrator at (888) 236-0464, or visit www.PfizerSecuritiesLitigation.com.

PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION OR ADVICE.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

26. If you purchased or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005, for the beneficial interest of any person or entity other than yourself, the Court has ordered that you must, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (a) request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) provide a list of the names and the last known addresses of each person or entity for whom or which you purchased Pfizer common stock during this period to the Notice Administrator. If you select option (a) above, you must send a statement to the Notice Administrator confirming that the mailing was made and you must retain your mailing records for use in connection with any further notices that may be provided in this Action. If you select option (b), the Notice Administrator will send a copy of the Notice to the beneficial owners. All communications concerning the foregoing should be addressed to the Notice Administrator at:

Pfizer Inc. Securities Litigation
Notice Administrator
P.O. Box 3410
Portland, OR 97208-3410
**(888) 236-0464**
www.PfizerSecuritiesLitigation.com

You are entitled to reimbursement for your reasonable expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of obtaining the names and addresses of beneficial owners, provided you timely submit an invoice to the Notice Administrator. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All requests for reimbursement should be sent to the Notice Administrator.


Dated:                                    BY THE ORDER OF THE COURT:
                                          United States District Court
                                          for the Southern District of New York



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                  :
IN RE PFIZER INC. SECURITIES LITIGATION  :    No. 04-CV-9866 (LTS)(HBP)
                  :
                  :    ECF CASE
                  :
                  :
---------------------------------------------------------------x

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

**To:**    **All persons and entities who purchased and/or otherwise acquired Pfizer Inc. ("Pfizer" or "PFE") common stock between and including October 31, 2000 and October 19, 2005 (the "Main Class").[1]**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION. A full printed Notice of Pendency of Class Action is currently being mailed to known Class Members. If you have not yet received the full printed Notice, you may obtain copies of this document by contacting the Notice Administrator at:

---

[1] Excluded from the Main Class are: (a) any persons or entities who both purchased and sold all of their shares of Pfizer common stock between and including October 31, 2000 and October 6, 2004 (the "Class Period"); (b) Pfizer and Individual Defendants Henry A. McKinnell, John L. LaMattina, Karen L. Katen, Joseph M. Feczko and Gail Cawkwell; (c) members of the immediate family of each of the Individual Defendants; (d) subsidiaries or affiliates of Pfizer or any of the Individual Defendants; (e) any person or entity who is, or was during the Class Period, a partner, officer, director, employee or controlling person of Pfizer or any of the Individual Defendants; (f) any entity in which any of the Individual Defendants has a controlling interest; (g) the legal representatives, heirs, successors or assigns of any of the excluded persons or entities specified in this paragraph; and (h) the insurance carriers or their affiliates who insure the Defendants. The Court also certified a sub-class consisting of all members of the Main Class, unless otherwise excluded, who purchased contemporaneously with sales of Pfizer common stock by Individual Defendants Henry McKinnell, Karen Katen and John LaMattina on any of the following dates: October 26, 2000, November 6, 2000, October 19, 2001, October 23, 2001, February 21, 2002, February 25, 2002, February 27, 2003, November 18, 2003, February 26, 2004, February 24, 2005, May 6, 2005, May 10, 2005 and/or August 16, 2005 (the "20A Subclass" and together with the Main Class, the "Class").

Pfizer Inc. Securities Litigation
Notice Administrator
P.O. Box 3410
Portland, OR 97208-3410
**(888) 236-0464**
www.PfizerSecuritiesLitigation.com

Inquiries, other than requests for the Notice, may be made to Class Counsel:

Jay W. Eisenhofer, Esquire
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
or
Mary S. Thomas, Esquire
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
(302) 622-7000

If you are within the Class definition and are not otherwise excluded, you have the right to decide whether to remain a member of the Class. *If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions in Pfizer common stock.* You will automatically be included in the Class. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in this Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.

If you ask to be excluded from the Class, you will not be bound by any order or judgment of this Court, and you will not be eligible to receive a share of any money that might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than _____, 2012 [45 days from notice date] in accordance with the instructions set forth in the full printed Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion as to whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action. A final Pre-Trial Conference has been scheduled for September 14, 2012. At this time, the Court has not set a date for the trial to begin.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator.

Dated:                                           BY ORDER OF THE COURT:
                                                 United States District Court
                                                 For the Southern District of New York