UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE PFIZER INC. SECURITIES LITIGATION

-------------------------------------------------------                No. 04 Civ. 9866 (LTS) (HBP)

THIS DOCUMENT RELATES TO:
The Consolidated Securities Class Action

-------------------------------------------------------x

ORDER

Individual Defendants Karen Katen and Hank McKinnell in the above-captioned

case have filed a motion for judgment on the pleadings, seeking dismissal of Plaintiffs' claims

asserted against Katen and McKinnell under Section 20A of the Securities Exchange Act of

1934, 15 U.S.C. § 78t-1.[1]  The Court has considered carefully Plaintiffs' and Defendants'

arguments, and for the following reasons, Defendants' motion is denied.

BACKGROUND

For purposes of this Order, knowledge and familiarity with the claims asserted in

this action are assumed.  Defendants previously filed a motion to dismiss the Consolidated Class

Action Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 5, 2006.

On July 1, 2008, the Court denied that motion with respect to the Section 20A claims against the

individual defendants.  In Re Pfizer Inc. Securities Litigation, 584 F. Supp. 2d 621, 642

(S.D.N.Y. 2008).

---

[1]     Defendants Katen and McKinnell joined Defendant LaMattina's Memorandum in
Support of LaMattina's Motion for Judgment on the Pleadings, incorporating the
arguments in Section II of LaMattina's Memorandum.  (See docket entry no.
650.)  Pursuant to a stipulation of dismissal, Plaintiffs have dismissed the Section
20A count as against LaMattina only. (Docket entry no. 647.)

The Court set a deadline of July 2, 2012, for the commencement of dispositive motion practice. (Docket entry no. 374.)  On that date, Defendants moved for summary judgment, again seeking dismissal of the Court dismiss the Section 20A claims.  The Court denied their request for summary judgment with respect to the Section 20A claims to the extent the claims related to transactions prior to December 19, 2004.  In Re Pfizer Inc. Securities Litigation, 936 F. Supp. 2d 252, 270 (S.D.N.Y. 2013).  Defendants Katen and McKinnell now seek, in a motion filed on April 21, 2014, dismissal of the same Section 20A claims, pursuant to Federal Rule of Civil Procedure 12(c).  (Docket entry no. 650.)

DISCUSSION

The instant motion is premised on the legal argument that not every Rule 10b-5 violation provides a proper predicate for Section 20A liability and the factual assertion that, in light of the dismissal of some of the Section 20A claims, the only remaining such claims arise in connection with Pfizer stock plan-related tax withholding transactions in which the moving Defendants made no statements and exercised no discretion.  There is no indication that the moving Defendants were unaware of the legal and factual bases for these arguments prior to the 2012 deadline for dispositive motion practice.  Indeed, their arguments for the propriety of consideration of the merits of this late motion practice focus on supposed judicial economy.

The Court is empowered to set deadlines for motion practice in connection with its case management responsibilities, as reflected in Rule 16 of the Federal Rules of Civil Procedure.  That Rule provides that modifications should be made only for good cause shown.

Defendants have proffered no good cause for their belated third attack on the Section 20A claims.  The arguments could have been raised in the timely summary judgment motion practice, and the case is now proceeding toward a scheduled trial.  Judicial economy would not be advanced significantly by consideration of the merits of the motion: other claims have been asserted against the moving Defendants, so even a granting of the motion would not relieve them of trial preparation and participation responsibilities.  The factual basis of their non-liability position is discrete and straightforward, so there is no danger of unduly prolonging the trial proceedings, and their legal argument can be taken up in connection with Rule 50 motion practice and/or the formulation of instructions for the jury.

<u>CONCLUSION</u>

For the foregoing reasons, the Court denies Defendants' motion for judgment on the pleadings, without prejudice to litigation of the issues at an appropriate time.  This Order resolves docket entry no. 650.

SO ORDERED.

Dated: New York, New York
       May 21, 2014

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge