UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

IN RE PFIZER INC. SECURITIES                    No.  04 Civ. 9866 (LTS)(HBP)
LITIGATION


---------------------------------------------------------

THIS DOCUMENT RELATES TO:
The Consolidated Securities Class Action
---------------------------------------------------------x

ORDER

Defendants move to preclude the expert testimony of Daniel R. Fischel

concerning stock price inflation damages caused by Defendants' alleged misrepresentions and

omissions concerning Celebrex and Bextra.  Fischel's original report utilized an event study and

identified inflation principally by reference to stock price declines associated with certain

disclosures.  Fischel reduced the inflation so identified by reference to intermediate stock price

increases associated with other disclosures concerning the drugs.

On March 28, 2013, the Court granted partial summary judgment in Defendants'

favor, as relevant here precluding Plaintiffs' claims based on two of the disclosure events, and

precluded claims based on certain statements that had been made by Pharmacia rather than by

any defendant in this action.  Fischel thereafter served a four-paragraph Supplemental Report in

which he opined that the stock inflation reduction attributable to the two excluded disclosure

events reduced the overall stock inflation figure by 9.7% and that he therefore revised his

damages calculations to reduce by 9.7% the intermediate stock price increases associated with

the other events.  Fischel proffered no explanation of the analytical basis for this parallel

adjustment other than the assertion that "[b]ecause eliminating the stock price declines related to

Celebrex and Bextra on [the] dates [excluded by the Court] reduces the total residual stock price decline I estimated related to these drugs . . . by 9.7%, I proportionally reduce the stock price increases I measured that are related to these drugs . . . by 9.7%." (May 10, 2013 Supplemental Report of Daniel R. Fischel.) No explanation of the relationships among the events triggering the respective price decreases and increases was offered, and no research reference or peer review information is cited in support of Fischel's parallel adjustment method. Furthermore, Fischer did not make any adjustments or otherwise disaggregate his computations to identify any stock price inflation attributable to the dismissed claims that were based on statements by Pharmacia, although he has asserted in his prior report and in deposition testimony that his stock inflation opinions are premised on the assumption that Defendants are responsible for all of the alleged misrepresentations and omissions alleged in the complaint. In a further Reply submission, Fischel posits that other methods that he did not use would have resulted in larger damages claims, but provides no further foundation or references in support of his parallel 9.7% adjustments.

Federal Rule of Evidence 702 permits the admission of expert testimony where, inter alia, the testimony is the product of reliable principles and methods reliably applied to the facts of the case. The Court, in performing this "gatekeeping" function, must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Fischel's 9.7% parallel adjustment has not been shown to be the product of reliable principles and methods reliably applied. Furthermore, an expert's testimony must be of a character that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a).

Fischel's failure to account in any way for the impact of the excluded Pharmacia statements renders his opinions unhelpful to the jury in making calculations of damages proximately caused by Defendants' alleged misrepresentations and omissions.  Fischel's expert testimony thus fails to meet the standards set by Rule 702 and will not be admitted.

For these reasons, and for substantially the reasons set forth in Defendants' opening and reply memoranda in support of their Motion in Limine No. 8 (docket entry nos. 574 and 623), Defendants' Motion in Limine No. 8 is granted and the expert testimony of Daniel R. Fischel is excluded from the trial of this action.

Because the Court grants Defendants' Motion in Limine No. 8, thereby excluding the testimony of Plaintiffs' damages expert Daniel R. Fischel from the upcoming trial of this action, Plaintiffs' Motion in Limine No. 11 (docket entry no. 538) to strike the rebuttal damages testimony of Paul A. Gompers is granted on the sole ground that, in the absence of the testimony of Fischel, Gompers' proposed testimony is irrelevant.

This Order resolves docket entries no. 521 and 538.

SO ORDERED.

Dated: New York, New York
        May 21, 2014

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge