```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-16-2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE PFIZER INC. SECURITIES LITIGATION  :   No. 04-cv-9866 (LTS)(HBP)
                                                            :
                                                            :   ECF CASE
                                                            :
                                                            :
------------------------------------------------------------X

### PROPOSED ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO CLASS MEMBERS, AND SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT

WHEREAS, the Court-appointed Lead Plaintiff Teachers' Retirement System of Louisiana and additional Court-appointed class representatives Christine Fleckles, Julie Perusse and Alden Chace (collectively, "Plaintiffs"), on behalf of themselves and the Court-certified Class, and (ii) defendants Pfizer Inc. ("Pfizer"), Henry A. McKinnell, Karen L. Katen, Joseph M. Feczko, and Gail Cawkwell (collectively, "Defendants" and, together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") that, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the above-captioned action (the "Action") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Settlement Agreement and providing for notice to the Class and scheduling a fairness hearing; and

WHEREAS, the Court has read and considered the Settlement Agreement and exhibits thereto, and has found that substantial and sufficient grounds exist for entering this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1. The Court, for the purposes of this Order, adopts all defined terms set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement Agreement and the Settlement set forth therein and finds that the Settlement is sufficiently fair, reasonable and adequate to the Class Members and in the best interests of the Class to warrant providing notice of the Settlement to Class Members and holding a final fairness hearing ("Final Approval Hearing").

3. The Final Approval Hearing shall be held before this Court on December 21, 2016 at 10:00 AM. in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, (i) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and in the best interests of the Class and should be approved by the Court; (ii) to determine whether the Judgment should be entered herein; (iii) to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved; (iv) to determine whether the Attorneys' Fees and Expenses Application should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may adjourn the Final Approval Hearing without further notice to Class Members and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. The Court approves, as to form and content, the Notice, the Claim Form and the Publication Notice annexed as Exhibits A-1, A-2, and A-3, respectively, to the Settlement Agreement, and finds that the mailing and distribution of the Notice and the Claim Form and publishing of the Publication Notice substantially in the manner and form set forth in this Order

2

meet the requirements of Federal Rule of Civil Procedure 23, due process, the United States Constitution, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

5. Lead Counsel shall cause the Notice and the Claim Form, substantially in the forms annexed to the Settlement Agreement as Exhibits A-1 and A-2, to be mailed, by first class mail, postage prepaid, within fifteen (15) calendar days after the entry of this Order to all persons and entities who were previously mailed copies of the Notice of Pendency of Class Action and any other potential Class Members who otherwise can be identified through reasonable effort. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, file with the Court proof of mailing of the Notice and Claim Form.

6. Lead Counsel shall cause the Publication Notice, substantially in the form annexed to the Settlement Agreement as Exhibit A-3, to be published once in *The Wall Street Journal* and *The New York Times*, and transmitted once over PR Newswire within ten (10) calendar days following the mailing of the Notice and Claim Form. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, file with the Court proof of publication of the Publication Notice.

7. Contemporaneously with the mailing of the Notice and Claim Form and publication of the Publication Notice, the Settlement Administrator shall post these documents on the website developed for the Settlement.

8. Nominees who purchased or otherwise acquired the common stock of Pfizer between October 31, 2000 and October 19, 2005, inclusive, shall, within ten (10) days after

receipt of the Notice, either: (i) send the Notice and the Claim Form to all beneficial owners of such Pfizer common stock, or (ii) to the extent that they have not already done so in connection with the previously disseminated Notice of Pendency of Class Action ("Class Notice"), send a list of the names and addresses of such beneficial owners to the Settlement Administrator, in which event the Settlement Administrator shall promptly mail the Notice and the Claim Form to such beneficial owners. If the Nominee previously provided names and addresses of beneficial owners in connection with the Class Notice and those names and addresses remain valid, the Settlement Administrator will mail the Notice and the Claim Form to such persons and entities. If the Nominee is aware of name and address changes for beneficial owners that were previously submitted in connection with the Class Notice or if the Nominee has names and addresses for beneficial owners of the relevant Pfizer common stock that were not previously submitted in connection with the Class Notice, the Nominee shall provide updated information or contact information for the additional beneficial owners to the Settlement Administrator within ten (10) days after receipt of the Notice. If the Nominee previously elected to mail the Class Notice directly to beneficial owners, the Settlement Administrator shall forward the same number of copies of the Notice and the Claim Form to such Nominees to forward to their beneficial owners. The Settlement Administrator shall, if requested, reimburse Nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice and Claim Form to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

    9. The Court approves Lead Counsel's selection of Garden City Group LLC as the Settlement Administrator. Prior to the Effective Date, Lead Counsel may pay from the Escrow

Account, without further approval from the Defendants or further order or approval of the Court, all reasonable Notice and Administrative Expenses actually incurred up to $3,000,000. Notice and Administrative Expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, reimbursements to Nominees for forwarding the Notice to their beneficial owners, publication of the Publication Notice, the administrative expenses incurred and fees charged by the Settlement Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, charged by the Escrow Agent. Notice and Administrative Expenses exceeding $3,000,000 may be paid from the Settlement Fund following the Effective Date, or as otherwise permitted pursuant to the Settlement Agreement.

10. In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court finds that it is unnecessary to afford Class Members a further opportunity to request exclusion. Additionally, any person or entity opting out of the Class would appear to be time barred from bringing an action for claims being released by the Settlement. *Police & Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013).

11. Any person or entity who or which previously and validly requested exclusion in compliance with the terms stated in the Class Notice and were not accepted back into the Class, as set forth on Exhibit C to the Stipulation, shall not receive any payment out of the Net Cash Settlement Amount.

12. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to designees of both Lead Counsel and Defendants'

Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-five (25) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

13. Any Class Member may submit an objection to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and in the best interests of the Class; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved; or why Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and reimbursement of Plaintiffs' costs and expenses should not be granted, *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order Approving Settlement and Final Judgment to be entered approving the same, the proposed Plan of Allocation or the attorneys' fees and expenses requested or reimbursement of Plaintiffs' costs and expenses, unless no later than twenty-five (25) calendar days prior to the Final Approval Hearing, such Class Member has served by hand or by overnight delivery written objections and copies of any supporting papers and briefs upon each of the following:

Lead Counsel's Designee:

    Mary S. Thomas, Esq.
    Grant & Eisenhofer P.A.
    123 Justison Street
    Wilmington, DE 19801
    (302) 622-7000
    mthomas@gelaw.com

Defendants' Counsel's Designee:

    Lynn K. Neuner, Esq.
    Simpson Thacher & Bartlett LLP
    425 Lexington Avenue

New York, NY 10017
(212) 455-2696
lneuner@stblaw.com

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and Defendants' Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, no later than twenty-five (25) calendar days prior to the Final Approval Hearing. Any objections: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Pfizer common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale.

14. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived his, her or its right to object and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order Approving Settlement and Final Judgment to be entered approving the Settlement, the Plan of Allocation or the attorneys' fees and expenses or reimbursement of Plaintiffs' costs and expenses requested in this or any other proceeding.

15. All opening briefs and papers in support of the Settlement, the Plan of Allocation, Plaintiffs' request for reimbursement of costs and expenses, and Plaintiffs' Counsel's application for attorneys' fees and expenses, shall be filed and served not later than forty (40) calendar days prior to the Final Approval Hearing. Any papers in further support of the Settlement, the Plan of

Allocation and the application for attorneys' fees and expenses and reimbursement of Plaintiffs' costs and expenses, shall be filed and served no later than fifteen (15) calendar days prior to the Final Approval Hearing.

16. In order to participate in the Settlement and be eligible to receive a distribution from the Net Cash Settlement Amount, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

a. A properly executed Claim Form must be submitted to the Settlement Administrator, at the Post Office Box indicated in the Notice and Claim Form, postmarked no later than one hundred twenty (120) calendar days from the date set for the mailing of Notice. Lead Counsel may, in its discretion, accept late-submitted Claim Forms for processing by the Settlement Administrator, so long as distribution of the Net Cash Settlement Amount is not materially delayed thereby. Notwithstanding the foregoing, the acceptance of late Claim Forms is subject to Court approval. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Claim Form is actually received prior to the motion for an order of the Court approving distribution of the Net Cash Settlement Amount. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. By submitting a Claim Form, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

b. The Claim Form submitted by each Class Member must be completed and submitted in accordance with the instructions set forth therein. Each Claim Form submitted must

satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Settlement Administrator; (c) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Settlement Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      c. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Cash Settlement Amount; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Releasees, as more fully described in the Settlement Agreement and Notice.

17. Defendants, Defendants' Counsel, and the Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Plaintiffs' Counsel or reimbursement of Plaintiffs' costs and expenses, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed and tax expenses with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

19. If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, the Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of July 18, 2016, as provided in the Settlement Agreement.

20. Neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs of any lack of merit to the claims asserted in the Action, or by Defendants of the truth of any of the allegations in the Action.

21. Pending final determination of whether the Settlement should be approved, Plaintiffs and all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Plaintiffs' Claims against any Releasees.

**ENTERED** at New York, NY, this 16th day of September, 2016.

_____
Hon. Laura Taylor Swain
United States District Judge