# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PFIZER INC. SECURITIES LITIGATION

No. 04-cv-9866 (LTS)(HBP)

ECF CASE

**DECLARATION OF MICHAEL A. KEABLE
IN SUPPORT OF PLAN OF ALLOCATION**

I, Michael A. Keable, declare as follows:

I.      **QUALIFICATIONS**

1.      I am an Executive Vice President of Compass Lexecon, an economics consulting firm specializing in the application of economics to a variety of legal and regulatory matters. Among the staff and professional affiliates of Compass Lexecon are several prominent academics and a group of full time economists, accountants, computer programmers, and research assistants.

2.      I have been employed by Compass Lexecon for over twenty-five years and have specialized in the areas of securities markets, damages, corporate finance, and financial statement analysis, primarily in the context of securities litigation. I have worked on hundreds of matters involving market efficiency, materiality, loss causation, and damages. My responsibilities have included designing, performing, and supervising economic studies of various issues. I have served as a consulting and/or testifying expert on economic issues to, among others, the United States Department of Justice, the United States Internal Revenue Service, and the United States Securities and Exchange Commission.

- 2 -

3.      I am a member of the American Economic Association and the American Finance Association. I received a B.A. in History from The University of Chicago and an M.B.A with concentrations in Finance and Business Policy from The University of Chicago Graduate School of Business. My curriculum vitae, which lists my prior testimony and publications, is attached as Exhibit A.

## II.     INTRODUCTION AND SUMMARY OF CONCLUSION

4.      At the request of Counsel for Plaintiffs, I assisted in developing the proposed plan for allocating the Settlement Fund in the above captioned case, net of Court-approved attorneys' fees and expenses (the "Net Cash Settlement Amount") described in Appendix A to the Notice Of Proposed Settlement of Securities Class Action, Application for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Plan of Allocation"). The Plan of Allocation describes the method of calculating each claimant's "Recognized Claim" and pro-rata share of the Net Cash Settlement Amount. I have been asked by Counsel to provide the bases for the Plan of Allocation and opine on the reasonableness and fairness of the Plan of Allocation in this Declaration.

5.      In my opinion, the Plan of Allocation provides a fair and reasonable method for calculating Recognized Claims and distributing the Net Cash Settlement Amount among claimants who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors not related to the alleged fraud.

III.     THE PLAN OF ALLOCATION

6.     The Plan of Allocation is based on the daily estimates of alleged artificial inflation (the "Inflation Estimate(s)") presented in Exhibit 38 of the Amended Supplemental Report of Daniel R. Fischel dated June 6, 2014 (ECF No. 668-1) ("Amd. Supp. Fischel Report"), the basis for which is detailed in the Report of Daniel R. Fischel dated January 13, 2012 (ECF No. 524-75) ("Fischel Report"), the June 28, 2013 deposition of Daniel R. Fischel (ECF No. 524-77), and the Amd. Supp. Fischel Report.  As explained therein, these estimates are derived from analyses that remove the effects of factors unrelated to the alleged fraud, such as market and industry effects.  The Inflation Estimates are summarized in Plan of Allocation Table 1.  These estimates are to be applied to the claimants' transactions in Pfizer common stock to calculate their Recognized Loss/Recognized Gain Amounts, and ultimately their Recognized Claims, as described in the Plan of Allocation.

7.     At Plaintiffs' Counsel's request and under my supervision, Compass Lexecon estimated the Class's maximum aggregate damages and the average recovery per affected share by applying the Inflation Estimates described in the Plan of Allocation to a commonly–employed trading model often referred to as the "80/20" multi-trader model.  This model assumes that some Class members traded more frequently than others and accounted for 80% of the trading volume, while those who traded less frequently accounted for 20% of the volume.

8.     Maximum aggregate damages under this model are $5.37 billion based on an estimated 3.67 billion damaged shares, which equates to average per-share damages of $1.46. Dividing the amount of the Settlement ($486 million) by the estimated 3.67 billion affected shares yields an estimated $0.13 average recovery per affected share of Pfizer common stock.

8.      Certain Pfizer shares purchased or otherwise acquired during the Class Period were not damaged and were excluded from the calculations described above. Specifically, the following Pfizer purchases/acquisitions were not damaged: 1) shares sold prior to the first corrective disclosure on October 6, 2004; 2) shares sold when the Inflation Estimate amount at the time of sale was equal to the Inflation Estimate amount at the time of purchase/acquisition (e.g., shares that were both purchased and sold between alleged corrective disclosures when the inflation was the same); 3) shares sold when the Inflation Estimate amount was greater than the Inflation Estimate amount at the time of purchase/acquisition (e.g., any Pfizer shares that were sold between September 30, 2004 and October 6, 2004 when the Inflation Estimate was at its highest point); and 4) shares purchased after December 16, 2004, when the Inflation Estimate was negative or $0 (*see* Amd. Supp. Fischel Report Exhibit 38).

9.      One final category of purchases/acquisitions that were not included in the above calculations is Pfizer shares acquired in exchange for Pharmacia shares in connection with the April 16, 2003 merger. Unlike cash or any other consideration used to acquire Pfizer stock, the exchanged Pharmacia shares were artificially inflated by at least as much as, if not more than, the acquired Pfizer shares because Pharmacia received more revenue from Celebrex and Bextra before the merger than Pfizer did (*see* Fischel Report ¶ 31 n.16). As a result, former Pharmacia shareholders who exchanged such shares did not suffer any harm from their acquisition of Pfizer stock.

10.     Plaintiffs' Counsel also requested that I estimate aggregate damages using the same model and assumptions described above but further assuming that the jury found the December 17, 2004 alleged corrective disclosure was not corrective of any alleged fraudulent information. I understand that the Second Circuit's ruling requires that under this circumstance, the December 17, 2004 price decline caused by this disclosure should be removed from the

the December 17, 2004 price decline caused by this disclosure should be removed from the Inflation Estimate calculation but all related price increases should remain in the calculation. Running the resulting reduced Inflation Estimates through the aggregate damages model causes maximum aggregate damages to fall to $28 million from the $5.37 billion amount calculated using the full Inflation Estimates.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, to the best of my knowledge, information, and belief. Executed in Chicago, Illinois on October 27, 2016.

*/s/ Michael A. Keable*

Michael A. Keable

**EXHIBIT A**

**MICHAEL A. KEABLE**                                                       September 13, 2016

Business Address:    Compass Lexecon
                     332 S. Michigan Avenue
                     Suite 1300
                     Chicago, IL  60604
                     (312) 322-0207
                     mkeable@compasslexecon.com

Home Address:        1217 W. Henderson Street
                     Chicago, IL  60657

## EDUCATION

M.B.A., UNIVERSITY OF CHICAGO, Chicago, Illinois:
   Concentrations in Finance and Business Policy, 1996

B.A., UNIVERSITY OF CHICAGO, Chicago, Illinois:
   History, 1988

## PROFESSIONAL EXPERIENCE

Compass Lexecon (formerly Lexecon), Chicago, Illinois:

   Executive Vice President: 2013 - Present
   Senior Vice President:  2007 - 2013
   Vice President:  2000 - 2006
   Economist:  1991 - 1999
   Research Associate:  1989 - 1991

## FIELDS OF SPECIALIZATION

Damages
Securities Markets
Corporate Finance
Financial Statement Analysis

## PROFESSIONAL AFFILIATIONS

Member:  American Finance Association, American Economic Association

## ARTICLES

The Use of Trading Models to Estimate Aggregate Damages in Securities Fraud Litigation:  An Update (with Daniel R. Fischel and David J. Ross) in Briefly… Perspectives on Legislation, Regulation, and Litigation, National Legal Center for the Public Interest, Vol. 10, No. 3 (March 2006).

## TESTIMONY

Declaration of Michael A. Keable in Re: Pfizer Inc. Securities Litigation; File No. 04-cv-9866 (LTS)(HBP); United States District Court, Southern District of New York, (September 13, 2016).

Affidavit of Michael A. Keable in Re: Peter Kaynes and BP, PLC, Ontario Superior Court of Justice, Court File No. CV-12-00467836-00CP, (March 8, 2013).

Deposition of Michael A. Keable In Re: Northfield Laboratories, Inc. Securities Litigation; No. 06-C-1493; United States District Court, Northern District of Illinois, Eastern Division, (April 22, 2011).

Declaration of Michael A. Keable in Re: Northfield Laboratories, Inc. Securities Litigation; File No. 06-C-1493; United States District Court, Northern District of Illinois, Eastern Division, (February 4, 2011).

Deposition of Michael A. Keable In Re: BankAtlantic Bancorp, Inc. Securities Litigation; Case No. 07-61542-CIV-UNGARO/SIMONTON; United States District Court, Southern District of Florida, (May 24, 2010).

Report of Michael A. Keable In Re: BankAtlantic Bancorp, Inc. Securities Litigation; Case No. 07-61542-CIV-UNGARO/SIMONTON; United States District Court, Southern District of Florida, (April 28, 2010).

Declaration of Michael A. Keable in Re: UTStarcom, Inc. Securities Litigation; Master File No. C-04-4908-JW (PVT); United States District Court, Northern District of California, San Jose Division, (April 2, 2010).

Deposition of Michael A. Keable In Re: Appaloosa Investments L.P. et al. v. J.P. Morgan Securities, Inc., et al; Case No. 05-44481; Superior Court of New Jersey, Law Division, Morris County, (February 19, 2010).

Report of Michael A. Keable In Re: Appaloosa Investments L.P. et al. v. J.P. Morgan Securities, Inc., et al; Case No. 05-44481; Superior Court of New Jersey, Law Division, Morris County, (November 11, 2009).

Declaration of Michael A. Keable in Support of Defendants' Motion for Summary Judgment Re: Thomas P. Jasin v. Tyco International Ltd, Tyco International (US) Inc., et al.; Case No. 04-CV-2188; United States District Court for the Middle District of Pennsylvania, (October 30, 2009).

Reply Affidavit of Michael A. Keable in Support of Defendants' Motion for Summary Judgment Re: Eugenia J. Fiala, et al. v. Metropolitan Life Insurance Company, et al.; Index No. 601181/00, Supreme Court of the State of New York, County of New York: I.A.S. Part 49, (September 24, 2008).

Deposition of Michael A. Keable in Re: Brian Asher v. Baxter International Inc. et al., Case No. 02 CV 5608, United States District Court for the Northern District of Illinois, Eastern Division, (May 14, 2008).

Report of Michael A. Keable in Re: Brian Asher v. Baxter International Inc. et al., Case No. 02 CV 5608, United States District Court for the Northern District of Illinois, Eastern Division, (April 25, 2008).

Report of Michael A. Keable in Re: Thomas P. Jasin v. Tyco International Ltd, et al., Civil Action Law No. 2004-CV-3241, Court of Common Pleas, Dauphin County, Pennsylvania, (February 25, 2008).

Deposition of Michael A. Keable in Re: MetLife Demutualization Litigation, No. CV 00 2258 (TCP), United States District Court, Eastern District of New York, (February 19, 2008).

Rebuttal Report of Michael A. Keable in Re: MetLife Demutualization Litigation, No. CV 00 2258 (TCP), United States District Court, Eastern District of New York, (October 31, 2007).

Initial Report of Michael A. Keable in Re: MetLife Demutualization Litigation, No. CV 00 2258 (TCP), United States District Court, Eastern District of New York, (August 22, 2007).

Deposition of Michael A. Keable in Re: Cendant Corporation Securities Litigation, Docket No. 98-CV-1664 (WHW), District Court for the District of New Jersey, (October 8, 2007).

Report of Michael A. Keable in Re: Cendant Corporation Securities Litigation, Cross-Claim of Cendant Corporation against Ernst & Young LLP, United States District Court for the District of New Jersey, Master File No. CV-98-1164 (WHW), (July 16, 2007).

Deposition of Michael A. Keable in Re: Eugenia J. Fiala, et al. v. Metropolitan Life Insurance Company, et al., No. 00/601181 and No. 00/108887, Supreme Court of the State of New York, County of New York, (July 21, 2006).

Supplemental Report of Michael A. Keable and Cathy M. Niden in Re: Joseph Vecchio, Joseph Vecchio Unitrust, Michael Vecchio and William Kaiser v. Waste Management, Inc., f/k/a

USA Waste Services, Inc., Rodney R. Proto, and Earl E. DeFrates, District Court of Harris County, Texas, 270th Judicial District, No. 2003-22897, (January 24, 2005).

Report of Michael A. Keable and Cathy M. Niden in Re: Joseph Vecchio, Joseph Vecchio Unitrust, Michael Vecchio and William Kaiser v. Waste Management, Inc., f/k/a USA Waste Services, Inc., Rodney R. Proto, and Earl E. DeFrates, District Court of Harris County, Texas, 270th Judicial District, No. 2003-22897, (January 14, 2005).

Report of Michael A. Keable in Re: HCM High Yield Opportunity Fund et al. v. Skandinaviska Enskilda Banken AB, et al., United States District Court, Southern District of Florida, Miami Division, No. 99-1350-Civ-Jordan, (December 29, 2002).

Report of Michael A. Keable in Re: Nahid Nazarian Behfarin, et al. v. Imaging Technologies Corp., et al., United States District Court, Southern District of California, No. 99-CV-2163K (LSP), (April 11, 2002).

Affidavit of Michael A. Keable in Re: Waste Management, Inc. Shareholders Derivative Litigation, Court of Chancery of the State of Delaware, New Castle County, C.A. No. 17313NC, (September 13, 2001).

Declaration of Michael A. Keable in Re: Stuart Green v. Phillips-Van Heusen Corporation, Court of Chancery of the State of Delaware, New Castle County, Civil Action No. 14436, (February 19, 2001).

Report of Michael A. Keable in Re: Gary K. Bielfeldt and Carlotta J. Bielfeldt, et al. v. Commissioner of Internal Revenue, United States Tax Court, Docket No. 5936-96, (May 7, 1999).

## SPEECHES

"The First *Daubert* Decision on the Use of Trading Models in Securities Class Actions" presented at the Practising Law Institute's "Securities Litigation 2000" conference, San Francisco, October 31, 2000.