# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE PFIZER INC. SECURITIES LITIGATION | 04 Civ. 9866 (LTS) (HBP) |

### AFFIDAVIT OF ANGELA FERRANTE REGARDING
### (A) MAILING OF THE NOTICE AND CLAIM FORM; AND
### (B) PUBLICATION AND TRANSMITTAL OF THE PUBLICATION NOTICE

STATE OF NEW YORK    )
                    )    ss.:
COUNTY OF NASSAU    )

ANGELA FERRANTE, being duly sworn, deposes and says:

1.     I am a Senior Vice President, Operations for the Garden City Group, LLC ("GCG"). Pursuant to its Order Preliminarily Approving Settlement, Directing Notice to Class Members, and Setting Hearing for Final Approval of Settlement dated September 16, 2016 (ECF No. 703) (the "Preliminary Approval Order"), the Court approved Lead Counsel's selection of GCG as the Settlement Administrator in connection with the proposed Settlement of the above-captioned action (the "Action").[1] The following statements are based on my personal knowledge and information provided to me by other experienced GCG employees.

### MAILING OF THE NOTICE AND CLAIM FORM

2.     Pursuant to the Preliminary Approval Order, GCG is responsible for disseminating the Notice of Proposed Settlement of Securities Class Action, Application for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and Proof of

---

[1] All capitalized terms not otherwise defined in this document shall have the meanings provided in the Stipulation and Agreement of Settlement dated August 26, 2016 (ECF No. 700-1) (the "Settlement Agreement").

Claim and Release Form (the "Claim Form" and, collectively with the Notice, the "Claim Packet") to potential Class Members. A copy of the Claim Packet is attached hereto as Exhibit A.

3.      On August 1, 2016, at the direction of Lead Counsel, GCG received two (2) Excel spreadsheets and one (1) text file from the administrator who handled the mailing and publication of notice in connection with class certification that took place in 2012 (the "2012 Mailing").[2] These spreadsheets and file contained the name and address records of potential Class Members and nominee purchasers, as well as the opt-out requests that were received in connection with the 2012 Mailing.

4.      The text file received from the administrator for the 2012 Mailing contained 3,545,964 name and address records of potential Class Members. After an initial review of this data, including the archiving of historical address information and removal of duplicate records, 3,378,325 names and addresses remained from this file. GCG then sorted, formatted and subsequently loaded into the database that GCG created and now maintains for the purpose of administering this Settlement (the "Settlement Database"), the 3,378,325 names and addresses of potential Class Members. Once the data was loaded into the Settlement Database, GCG performed a programmatic and manual analysis of the name and address records to remove additional duplicates. As a result, GCG eliminated 214,387 additional records.

5.      GCG then submitted the remaining 3,163,938 address records through the United States Postal Service National Change of Address ("NCOA") database to ensure that the Settlement Database reflected the most current addresses. As a result, 253,498 records were updated with new addresses. GCG also undertook a programmatic and manual review of the

---

[2] On October 20, 2016, the administrator for the 2012 Mailing also provided GCG with all of the documentation and correspondence received in connection with the 2012 Mailing.

2

remaining records to ensure such records did not include personal identifying information, such as account numbers or tax identifiers.

6.      With respect to the two Excel spreadsheets received from the administrator for the 2012 Mailing, one of the spreadsheets contained a list of brokers and nominees who had requested a total of 320,808 copies of the Class Notice for forwarding directly to their clients in connection with the 2012 Mailing (the "Nominee Spreadsheet"). The second spreadsheet contained a list of 1,033 individuals or entities who had requested to opt-out of the Class in response to the 2012 Mailing. After eliminating 69 duplicate names, 964 unique opt-out requests remained. Of those 964 opt-out requests, GCG was advised by Lead Counsel that 210 opt-out requests for 209[3] individuals or entities were previously deemed as valid and 719 opt-out requests were deemed invalid.[4] The 209 individuals or entities that validly requested to opt out of the Class in connection with the 2012 Mailing are listed on Exhibit C to the Settlement Agreement.

7.      On September 30, 2016, GCG caused a copy of the Claim Packet to be mailed by first-class mail, postage prepaid, to 3,164,692 potential Class Members. At the direction of Lead Counsel, this mailing included the 719 invalid opt-out requests described in paragraph 6 above.[5] GCG also mailed 320,808 Claim Packets to the brokers and nominees contained in the Nominee Spreadsheet (i.e., the brokers and nominees that had requested copies of the Class Notice in bulk to forward directly to their clients in the 2012 Mailing).

---

[3] During its review of the 210 valid opt-out requests, GCG discovered, and Lead Counsel confirmed, that one of the opt-out requests was listed twice.

[4] The 209 valid opt-out requests do not include the 35 entities that were permitted to withdraw their requests for exclusion and rejoin the Class at the direction of the Court. See ECF No. 513.

[5] This mailing also included the entities that were permitted to withdraw their requests for exclusion and rejoin the Class as described in footnote 4.

3

8.      On September 30, 2016, GCG also notified the security settlement system of the Depository Trust Company ("DTC") of the issuance of the Notice in accordance with GCG's standard practice.  At GCG's request, DTC posted the Notice on its electronic Legal Notice System ("LENS").  The LENS system may be accessed by any firm, bank, institution or other nominee which is a participant in DTC's security settlement system.

9.      As in most class actions of this nature, the large majority of potential class members are beneficial owners whose securities are held in "street name" – i.e., the securities are purchased by brokerage firms, banks, institutions and other third-party nominees ("Nominees") in the name of the nominee, on behalf of the beneficial purchasers.  GCG maintains a proprietary database with names and addresses of the largest and most common U.S. banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database").  GCG's Nominee Database is updated from time to time as new Nominees are identified, and others go out of business.  At the time of the initial mailing, the Nominee Database contained 1,940 mailing records.  On September 30, 2016, GCG caused a copy of the Claim Packet to be mailed by first-class mail, postage prepaid, to the 1,940 mailing records contained in GCG's Nominee Database.  The Claim Packets mailed to the Nominees in GCG's Nominee Database included a cover letter highlighting the directions contained in the Notice. Among other information, Nominees were reminded that if they had previously submitted the names and addresses of their clients in response to the 2012 Mailing, they should not resubmit such names and addresses; however, if there have been address changes for these clients, updated addresses must be provided.  A copy of the Nominee cover letter is attached hereto as Exhibit B.

10.     Following the initial mailing on September 30, 2016, GCG identified the top 70 Nominees in its Nominee Database that typically respond to class action notices.  For any of

4

those 70 Nominees who did not respond to the administrator for the 2012 Mailing or respond, in connection with this mailing, to GCG, a GCG representative personally called the Nominee to remind them to do so. If GCG was unable to reach the Nominee by phone, GCG sent the Nominee an email reminding them to provide GCG with the names and addresses of their clients in accordance with the Notice.

11.     Since September 30, 2016, GCG has received an additional 513,739 names and addresses of potential Class Members from individuals and Nominees, in the form of e-mails, labels, lists, etc., requesting that Claim Packets be mailed to such potential Class Members. GCG has promptly mailed Claim Packets to these 513,739 mailing records. In addition, GCG has received requests from Nominees for 88,332 Claim Packets to be mailed to such Nominees for forwarding to their clients. In response to these requests, GCG promptly mailed an additional 88,332 Claim Packets to these Nominees.

12.     In the aggregate, as of November 4, 2016, GCG has mailed a total of 4,106,573 Claim Packets to potential Class Members and Nominees by first-class mail, postage prepaid. This includes 17,062 Claim Packets that were returned by the U.S. Postal Service as undeliverable and re-mailed as a result of updated addresses provided by the U.S. Postal Service.[6]

### PUBLICATION AND TRANSMITTAL OF THE PUBLICATION NOTICE

13.     Pursuant to the Preliminary Approval Order, GCG's Notice and Media Team caused the Summary Notice of Proposed Settlement of Securities Class Action, Application for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Publication Notice") to be published in the national edition of *The Wall Street Journal* and *The New York Times* and to be

---

[6] This includes Claim Packets that were returned as undeliverable and for which GCG was able to obtain an updated address through the NCOA database.

transmitted over the *PR Newswire*. Attached hereto as Exhibit C is the affidavit of Jeb Smith, Advertising Clerk of the Publisher of *The Wall Street Journal*, attesting to the publication of the Publication Notice in that newspaper on October 6, 2016. Attached hereto as Exhibit D is the affidavit of Alice Weber, Principal Clerk of Publisher of *The New York Times*, attesting to the publication of the Publication Notice in that newspaper on October 6, 2016. Attached hereto as Exhibit E is a confirmation report from the *PR Newswire*, attesting to the issuance of the Publication Notice over that wire service on October 6, 2016.

## TELEPHONE HOTLINE

14.     GCG took ownership of the toll free number established in connection with the 2012 Mailing and routed it to the toll-free telephone number (1-888-236-0464) dedicated to this Settlement. Beginning on or about September 21, 2016, GCG launched and continues to maintain an interactive voice response system to accommodate inquiries from potential Class Members and to respond to frequently asked questions on that toll free number. The telephone hotline is accessible 24 hours a day, seven days a week. Callers to the toll-free telephone number during regular business hours have the option of speaking with a call center representative. Callers to the toll-free telephone number outside of regular business hours have the option of leaving a message and requesting a return call from a call center representative. All inquiries to the toll-free telephone number have been and will continue to be responded to promptly.

## WEBSITE

15.     Beginning on or about September 21, 2016, GCG established and continues to maintain a website (http://www.pfizersecuritieslitigationsettlement.com) dedicated to the

Settlement (the "Settlement Website").[7]   Pursuant to the Preliminary Approval Order, on September 30, 2016, GCG posted the Notice and Claim Form on the Settlement Website, for download by potential Class Members.  On October 6, 2016, GCG posted the Publication Notice on the Settlement Website pursuant to the Preliminary Approval Order.  The Settlement Website also contains downloadable copies of the Settlement Agreement (including Exhibit C thereto), the Preliminary Approval Order and the operative complaint, and lists the objection and claim submission deadlines as well as the date and time of the Court's Final Approval Hearing.  In addition, the Settlement Website contains a link to a document containing detailed instructions for entities who wish to submit claims electronically.  The Settlement Website is accessible 24 hours a day, seven days a week.

_____
Angela Ferrante

Sworn to before me this
7th day of November 2016

_____
Notary Public

VANESSA M VIGILANTE
Notary Public, State of New York
No. 01VI6143817
Qualified in Nassau County
Commission Expires April 17, 2018

---

[7] GCG assumed control over the website established in connection with the 2012 Mailing and redirected all traffic to the Settlement Website.

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PFIZER INC. SECURITIES LITIGATION | No. 04-cv-9866 (LTS)(HBP)<br><br>ECF CASE |

### NOTICE OF PROPOSED SETTLEMENT OF SECURITIES CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING

**To:** **All persons and entities who purchased and/or otherwise acquired Pfizer Inc. ("Pfizer" or "PFE") common stock between and including October 31, 2000 and October 19, 2005.**

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE, INCLUDING THE POSSIBLE RECEIPT OF CASH FROM THE SETTLEMENT.**

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT WHETHER YOU TAKE ANY ACTION PURSUANT TO THIS NOTICE OR NOT.**

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the proposed settlement (the "Settlement") of the above-captioned class action lawsuit (the "Action") against Pfizer, Henry A. McKinnell, Karen L. Katen, Joseph M. Feczko and Gail Cawkwell (collectively the "Defendants") for a total of $486,000,000 in cash (the "Settlement Amount") that, if approved, will resolve all claims in the Action. The Notice also is being sent to inform you of the hearing (the "Final Approval Hearing") to be held by the Court to consider (i) the fairness, reasonableness and adequacy of the Settlement as set forth in the Settlement Agreement[1] and whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement to eligible members of the Class (as set forth in Appendix A hereto) should be approved; (iii) Lead Counsel's application for attorneys' fees and expenses, including reimbursement of Plaintiffs' costs and expenses (as addressed on page 8, Question No. 14, below); and (iv) certain other matters.

This Notice is directed to you in the belief that you may be a member of the Class whose rights might be affected by the Settlement. If you do not meet the Class definition or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action previously disseminated in 2012 (the "Class Notice") and are listed on Exhibit C to the Settlement Agreement, this Notice does not apply to you. If you are uncertain whether you are a member of the Class, contact Lead Counsel identified below, or consult your own attorney.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM.** | The only way to be eligible to receive a payment from the Settlement Fund is to submit a Claim Form postmarked no later than January 28, 2017. |
| **OBJECT TO THE SETTLEMENT, PLAN OF ALLOCATION OR REQUESTS FOR ATTORNEYS' FEES AND EXPENSES.** | If you want to object to the proposed Settlement, the proposed Plan of Allocation or the request for attorneys' fees and expenses, you must write to the Court and explain why you do not like the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and expenses and/or Plaintiffs' request for reimbursement of costs and expenses. Objections must be received no later than November 28, 2016. |
| **GO TO THE FINAL APPROVAL HEARING ON DECEMBER 21, 2016.** | If you want to appear in person and speak in Court at the scheduled hearing about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses, you must submit a notice of intention to appear, along with your written objection. Notices of intention to appear must be received no later than November 28, 2016. |
| **DO NOTHING.** | If you are a Class Member and do nothing, you will not be eligible to receive any payment from the Settlement Fund, you will give up your rights to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**The rights and options set forth above - and the deadlines to exercise them - are explained in this Notice.**

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 26, 2016 (the "Settlement Agreement"), which is available at www.pfizersecuritieslitigationsettlement.com.

## Summary of the Notice

*   **Description of the Action and the Class**:  This Action was brought by investors alleging, among other things, that Defendants violated the federal securities laws by making false, misleading or incomplete statements regarding the cardiovascular risks of Celebrex and Bextra. Defendants vigorously denied and disputed Plaintiffs' claims. A more detailed description of the Action is set forth on pages 3-4, Question No. 3, below.

*   **Statement of Plaintiffs' Recovery**: Subject to Court approval, the Settlement will result in the creation of a cash settlement fund in the principal amount of $486,000,000, plus any interest that may accrue thereon (the "Settlement Fund"). A portion of the Settlement Fund will be used to pay for, among other things, the expense of class notice and administration of the Settlement, taxes and tax-related expenses, Court-awarded attorneys' fees and expenses to Plaintiffs' Counsel and Court-awarded reimbursement of costs and expenses to Plaintiffs.  The balance of the Settlement Fund will be available for distribution to Class Members who submit valid and timely Claim Forms, according to a Court-approved plan of allocation.  The plan of allocation being proposed by Plaintiffs and Lead Counsel (the "Plan of Allocation") is set forth in Appendix A hereto.  Based on Plaintiffs' damages expert's estimate of the number of shares of Pfizer common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before deduction of any Court-approved fees, expenses and costs (as described herein) is $0.13 per affected share of Pfizer common stock. **You should note, however, that the foregoing average recovery per share is only an estimate.** Your recovery from the Settlement will depend on a number of things, such as the number of shares of Pfizer common stock you purchased or otherwise acquired during the period between and including October 31, 2000 and December 16, 2004, and the timing of your purchases, acquisitions and any sales, at what prices such shares were purchased, acquired or sold, and the total number of valid Claim Forms submitted.

*   **Statement of Potential Outcome of Case**: The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that damages were suffered by any members of the Class as a result of their conduct. Plaintiffs estimate, based on a trading model used by their experts, that the maximum recovery for the Class might be as large as $5.37 billion in the aggregate, or approximately $1.46 per damaged share.  This assumes Plaintiffs would prevail on every element of their claims and that the jury would find that each of the alleged corrective disclosures revealed information that had been concealed.

*   **Attorneys' Fees and Expenses Sought**: Plaintiffs' Counsel in the Action, which have been prosecuting the Action on a wholly contingent basis since its inception in 2004, despite having advanced millions of dollars in expenses and having spent well over $100 million in time representing in excess of 200,000 hours, have not received any payment of attorneys' fees for their work on behalf of the Class and have advanced  substantial expenses necessary to prosecute this Action and negotiate the Settlement on behalf of the Class.  Lead Counsel, on behalf of Plaintiffs' Counsel, will ask the Court for an award of attorneys' fees not to exceed 30% of the Settlement Fund and expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants in an amount not to exceed $25 million, plus interest, to be paid from the Settlement Fund.  In addition, Plaintiffs may seek reimbursement of up to an aggregate amount not to exceed $100,000 for their reasonable costs and expenses incurred in representing the Class.  If these amounts are requested and approved by the Court, the estimated average cost per affected share of Pfizer common stock will be $0.05.  **Please note that this amount is only an estimate**.

*   **Reasons for the Settlement**: Plaintiffs believe that the Settlement is a good recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing.  Also, the amount of damages recoverable by the Class was and is challenged by Defendants.  Recoverable damages in this case are limited to losses caused by conduct actionable under the applicable law and, had the Action gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors.  Defendants would also have asserted that throughout the Class Period, the risks associated with the purchase of Pfizer common stock were fully and adequately disclosed.  The Settlement provides an immediate benefit to Class Members and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

Defendants have denied and continue to deny any improper conduct or violation of the federal securities laws or any other laws or regulations and assert that they are settling the Action solely to avoid the burden and expense of further litigation.

*   **Identification of Attorney Representatives and Further Information**: For more information about this Notice or the Settlement please contact the Settlement Administrator or Lead Counsel:

| | |
|---|---|
| **Settlement Administrator**<br>*Pfizer Securities Litigation Settlement*<br>c/o Garden City Group, LLC<br>P.O. Box 10305<br>Dublin, OH  43017-5905<br>888-236-0464<br>info@pfizersecuritieslitigationsettlement.com | **Lead Counsel**<br>Mary S. Thomas, Esq.<br>Grant & Eisenhofer P.A.<br>123 Justison Street<br>Wilmington, DE 19801<br>302-622-7000<br>www.gelaw.com |

## What This Notice Contains

**Basic Information**
1. Why did I receive this notice package?................................................................................ 3
2. Why is the Action a class action? ...................................................................................... 3
3. What is the Action about? .................................................................................................. 4
4. Why is there a settlement? ................................................................................................. 5

**Who Is in the Settlement**
5. How do I know if I am affected by the Settlement? ............................................................ 5
6. I'm still not sure if I am included in the Class. ................................................................... 6

**The Settlement Benefits — What You Get**
7. What does the Settlement provide? .................................................................................... 6
8. What claims will be released by the Settlement? ............................................................... 6
9. How much will my payment be in the Settlement? ............................................................. 7

**How You Get a Payment — Submitting a Claim Form**
10. How can I receive a payment in the Settlement? ............................................................... 7
11. When will I receive my payment in the Settlement? .......................................................... 7
12. What am I giving up to receive a payment in the Settlement? .......................................... 7

**The Lawyers Representing You**
13. Do I have a lawyer in the Action? ...................................................................................... 8
14. How will the lawyers be paid? ........................................................................................... 8

**If You Do Nothing**
15. What happens if I do nothing at all? .................................................................................. 8

**Objecting to the Settlement**
16. How do I notify the Court that I do not like the Settlement, the Plan of Allocation,
    or the requests for attorneys' fees and expenses? ........................................................... 8

**The Court's Fairness Hearing**
17. When and where will the Court decide whether to approve the Settlement and
    the requested attorneys' fees and expenses? .................................................................... 8
18. Do I have to come to the hearing? .................................................................................... 9
19. May I speak at the hearing if I don't like the Settlement? ................................................. 9

**Getting More Information**
20. Are there more details about the Settlement? ................................................................... 9

**Special Notice to Securities Brokers and Other Nominees** ................................................. 9

**Proposed Plan Of Allocation Of Net Cash Settlement Amount (Appendix A)** ..................... 10

## 1.    WHY DID I RECEIVE THIS NOTICE PACKAGE?

This Notice is being sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005. This Notice was sent because you have a right to know about the proposed Settlement of this Action, and about all of your rights and options, before the Court decides whether to approve the Settlement. This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## 2.    WHY IS THE ACTION A CLASS ACTION?

A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly-situated individuals and entities to obtain monetary or other relief for the benefit of the entire group, known as a class. Class actions avoid the necessity of each member of a class having to file a separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class. The Court in charge of this Action is the United States District Court for the Southern District of New York. The Judge presiding over the Action is The Honorable Laura Taylor Swain, United States District Judge. If the Settlement is approved, it will resolve all claims in the Action by Class Members against the Defendants.

In this Action, the Court found that the elements necessary for a class action are satisfied and, by Order dated March 29, 2012, as amended by Order dated April 6, 2012, the Court certified the Action as a class action on behalf of a class of purchasers and acquirers of Pfizer common stock. A description of who is in the Court-certified Class is set forth in response to Question No. 5 below. The Class Notice was previously mailed to potential Class Members and a related summary notice was published. The Court set a deadline of September 9, 2012 for any Class Member to request exclusion from the Class. The Court has ordered that no second opportunity for requesting exclusion be allowed. Those persons and entities that previously submitted a valid request for exclusion from the Class are listed on Exhibit C to the Settlement Agreement and available on the website, www.pfizersecuritieslitigationsettlement.com, and shall be automatically excluded from the Settlement without any further action on their part.

**3.      WHAT IS THE ACTION ABOUT?**

Beginning in December 2004, several putative securities fraud class actions were filed against Pfizer and certain of its officers and directors for allegedly violating Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5. By Order dated October 21, 2005, the Court consolidated these actions and appointed Teachers' Retirement System of Louisiana as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995. The Court also designated Grant & Eisenhofer P.A. as Lead Counsel for the Class.

On February 16, 2006, Lead Plaintiff filed its Consolidated Class Action Complaint (the "Complaint"). The Complaint alleged, among other things, that Pfizer and the Individual Defendants, who were officers or employees of Pfizer, made materially false and misleading statements and omitted material information from Pfizer's public reports and documents about the cardiovascular risks associated with two drugs, Celebrex and Bextra. As a result of these misrepresentations and omissions, Plaintiffs alleged that the price of Pfizer common stock during the Class Period was artificially inflated. Plaintiffs alleged that once the truth about these cardiovascular risks began to emerge, the price of Pfizer common stock declined in value and Class Members suffered losses. Plaintiffs also alleged that three former officers and/or directors of Pfizer sold shares of Pfizer stock during the Class Period while in possession of material information about the cardiovascular safety of Celebrex and Bextra that was not disclosed to the public. The Complaint asserted claims under several provisions of the Exchange Act as well as state securities and fraud law.

Pfizer and the Individual Defendants moved to dismiss the Complaint on May 5, 2006. The motion and the Action were thereafter reassigned to Judge Swain on February 22, 2008. By Order dated July 1, 2008, the Court granted in part and denied in part the motion to dismiss (the "Motion to Dismiss Opinion"). The Court dismissed Plaintiffs' claims for common law fraud, violations of state securities laws, and Section 18 of the Exchange Act but allowed Plaintiffs to continue litigating their claims for violations of Sections 10(b), 20(a), and 20A of the Exchange Act.

On July 16, 2008, Pfizer and the Individual Defendants filed a motion for reconsideration of certain portions of the Court's Motion to Dismiss Opinion. The Court denied this request by Order dated September 4, 2008.

Pfizer and the Individual Defendants answered the Complaint on September 15, 2008. In their answer, Pfizer and the Individual Defendants denied Plaintiffs' legal claims. In particular, Pfizer and the Individual Defendants denied that any of them made material misstatements relating to Celebrex or Bextra's cardiovascular safety or omitted alleged material facts about those issues. They also denied that any of them acted recklessly or with intent to defraud Pfizer's shareholders, as is required to find a violation of the federal securities provisions at issue. Pfizer and the Individual Defendants further denied that they caused Plaintiffs' economic losses.

Thereafter, at Defendants' request, the Court directed the parties to conduct discovery to determine whether reliable scientific evidence existed to show that Celebrex or Bextra was associated with increased cardiovascular risk. The parties exchanged expert reports on these scientific issues and, pursuant to Rule 702 of the Federal Rules of Evidence, the Court held a five-day *Daubert* hearing in October 2009. Each of the parties asked the Court to preclude the other side from offering the opinion testimony of their experts. Following the *Daubert* hearing, the Court denied the parties' respective motions, refusing to exclude any experts.

Thereafter, the parties commenced discovery on all aspects of the case. The parties conducted over 60 depositions of fact and expert witnesses and have exchanged tens of millions of pages of documents.

On March 16, 2011, Lead Plaintiff filed a motion for class certification, which Pfizer and the Individual Defendants opposed on November 22, 2011.

While Lead Plaintiff's motion for class certification was pending, Pfizer and the Individual Defendants again moved the Court for reconsideration of the Motion to Dismiss Opinion. By Order dated March 22, 2012, the Court denied this second motion for reconsideration.

During the same time, Lead Plaintiff moved the Court for leave to file an amended complaint. The Court granted Lead Plaintiff's motion on March 22, 2012. Lead Plaintiff filed the Amended Consolidated Class Action Complaint on March 27, 2012 (the "Amended Complaint").

On March 29, 2012, the Court issued its Opinion and Order granting Lead Plaintiff's motion for class certification. On April 6, 2012, the Court issued its Amended Order Granting Motion for Class Certification. By Order dated July 3, 2012, the Court approved the form and manner of notifying the Class of the pendency of the Action as a class action, and thereafter, the Class Notice was mailed to potential members of the Class.

On May 10, 2012, Pfizer and the Individual Defendants answered the Amended Complaint.

On July 2, 2012, Pfizer and the Individual Defendants moved for summary judgment. On March 28, 2013, the Court granted in part and denied in part Defendants' motion for summary judgment.

In 2013, as the parties were preparing for trial, they made numerous pre-trial motions, including motions to narrow the issues to be tried and to exclude the testimony of various witnesses. One such motion was a motion by Pfizer and the Individual Defendants to exclude the testimony of Plaintiffs' loss causation and damages expert witness, Daniel R. Fischel. On May 22, 2014, the Court granted this motion. On July 8, 2014, the Court denied Plaintiffs' leave to amend the expert report of Daniel R. Fischel and granted summary judgment to all Defendants. On July 9, 2014, the Court entered judgment in favor of Defendants and dismissed the Action.[2]

On August 7, 2014, Plaintiffs noticed their appeal to the United States Court of Appeals for the Second Circuit ("Second Circuit") with respect to, *inter alia*, the Court's grant of summary judgment to Defendants. On April 12, 2016, the Second Circuit issued a decision reversing the Court's grant of summary judgment to Defendants. On May 10, 2016, Defendants filed in the Second Circuit a petition for rehearing and rehearing *en banc* (the "Rehearing Petition"). The Second Circuit has not issued a decision on the Rehearing Petition.

Following extensive negotiations, the Parties reached an agreement-in-principle to resolve the Action on July 18, 2016, and thereafter, filed a joint motion for limited remand of the appeal, without prejudice pending approval of the Parties' proposed Settlement and to hold the pending Rehearing Petition in abeyance.

On July 27, 2016, the Second Circuit issued an order for a limited remand of the case to the district court so that the district court may consider the proposed Settlement, with the pending Rehearing Petition to be held in abeyance pending final approval of the proposed Settlement.

On August 26, 2016, the Parties entered into the Settlement Agreement setting forth the terms and conditions of the Settlement. The Settlement Agreement can be viewed at www.pfizersecuritieslitigationsettlement.com.

On September 16, 2016, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

Defendants have denied and continue to deny all of the claims and contentions alleged by Plaintiffs in the Action. Defendants deny any improper conduct or violation of the federal securities laws or any other laws or regulations and assert that they are settling the Action solely to avoid the burden and expense of further litigation. Defendants also have denied and continue to deny that Plaintiffs or the Class have suffered any damage; that the price of Pfizer common stock was artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise; that Plaintiffs or the Class were harmed by the conduct alleged in the Action; or that Defendants knew or were reckless with respect to the alleged misconduct. Defendants maintain that they have meritorious defenses to all claims alleged in the Action and believe that the evidence developed supports their position that they acted properly at all times and that the Action is without merit.

**4.     WHY IS THERE A SETTLEMENT?**

The Settlement is the result of extensive arm's-length negotiations among Lead Counsel and counsel for Defendants following more than twelve years of vigorous and hard-fought litigation. Plaintiffs believe that the claims asserted in the Action have merit and that the evidence supports the claims. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and risk of any litigation, especially in complex cases such as this. Among other things, Plaintiffs and Lead Counsel have taken into account that Defendants' Rehearing Petition remains pending in the Second Circuit, and that if Defendants were successful on that Petition, the Action could be dismissed and there could be no recovery for the Class whatsoever. Plaintiffs and Lead Counsel are also mindful of the inherent problems of proof and possible defenses to the securities law violations alleged in the Action. Plaintiffs and Lead Counsel believe that the Settlement confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement is in the best interests of the Class.

**5.     HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

If you are a Class Member, you are subject to the Settlement unless you are excluded from the Class as set forth below. The Class consists of:

(a)     All persons or entities who purchased and/or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005, *with the exception of*:

(1) any persons or entities who both purchased and sold all of their shares of Pfizer common stock between and including October 31, 2000 and October 6, 2004; (2) Pfizer and the Individual Defendants; (3) members of the immediate family of each of the Individual Defendants; (4) subsidiaries or affiliates of Pfizer or any of the Individual Defendants; (5) any person or entity who is, or was during the Class Period, a partner, officer, director, employee or controlling person of Pfizer or any of the Individual Defendants; (6) any entity in which any of the Individual Defendants has a controlling interest; (7) the legal representatives, heirs, successors or assigns of any of the excluded persons or entities specified in this paragraph; and (8) the insurance carriers or their affiliates who insure the Defendants (the "Main Class"); and

---

[2] Individual Defendant, John L. LaMattina, was previously dismissed with prejudice under Fed. R. Civ. P. 41(a)(2) and 23(e) pursuant to the parties' stipulation of voluntary dismissal which was approved by the Court on May 13, 2014.

(b)      A subclass consisting of all persons or entities in the Main Class, not otherwise excluded, who purchased Pfizer common stock contemporaneously with the sale of Pfizer common stock by Individual Defendants Henry A. McKinnell, Karen L. Katen and John L. LaMattina on any of the following dates: October 26, 2000, November 6, 2000, October 19, 2001, October 23, 2001, February 21, 2002, February 25, 2002, February 27, 2003, November 18, 2003, February 24, 2005, May 6, 2005, May 10, 2005 or August 16, 2005 (the "20A Subclass").

Also excluded from the Class are the persons and entities identified on Exhibit C to the Settlement Agreement which can be viewed on the Settlement website at www.pfizersecuritieslitigationsettlement.com. These are the investors who validly opted out of the Class in connection with the Class Notice disseminated in 2012 and were not previously accepted back into the Class.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN JANUARY 28, 2017.**

**6.      I'M STILL NOT SURE IF I AM INCLUDED IN THE CLASS.**

If you are still not sure whether you are included, you can ask for free help.  You can call Lead Counsel, Grant & Eisenhofer P.A., at 302-622-7000 or the Settlement Administrator, at 888-236-0464 for more information.  Or you can fill out and return the Claim Form described in Question No. 10, to see if you qualify.

**7.      WHAT DOES THE SETTLEMENT PROVIDE?**

The full terms and provisions of the Settlement are set forth in the Settlement Agreement, which can be viewed at www.pfizersecuritieslitigationsettlement.com.

The Settlement will result in the creation of a cash settlement fund in the principal amount of $486,000,000, plus any interest that may accrue thereon.

The Settlement Fund, subject to deduction for, among other things, the expense of class notice and administration of the Settlement, taxes and tax-related expenses and for attorneys' fees and expenses as approved by the Court, will be available for distribution to Class Members.

**8.      WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

If you are a Class Member, you will be bound by any orders and judgments issued by the Court. If the Settlement is approved, the Court will enter the Judgment.  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and all other Class Members, on behalf of themselves and their other Releasors (as defined below), for good and sufficient consideration, shall be deemed to have, and by operation of law and the Judgment shall have, fully, finally and forever released, relinquished, settled, and discharged all Released Plaintiffs' Claims (as defined below) against each and every one of the Releasees (as defined below), except to the extent otherwise specified in the Settlement Agreement.

*  "Claim" or "Claims" means any and all claims, losses, rights, actions, causes of action, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees, matters and issues of any sort whatsoever, whether in law, in admiralty or in equity, and whether based on a United States federal, state or foreign statutory or common-law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, existing now or to be created in the future, including "Unknown Claims" (as defined below).

*  "Released Plaintiffs' Claims" means any and all Claims arising from or related in any way to both *(i)* the purchase of Pfizer Inc. common stock during the Class Period and *(ii)* the acts, facts, statements or omissions that have been, could have been, or could be alleged by Plaintiffs in the Action, including any and all Claims and claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been, could have been, or could be asserted in the Action or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, which Plaintiffs or any member of the Class, or their legal representatives, heirs, executors, administrators, predecessors, successors in interest, transferees and assignees ever had, now have, or hereafter can, shall, or may have had, except claims to enforce the Settlement.

*  "Releasee" means each and every one of, and "Releasees" means all of, Pfizer and the Individual Defendants, any of the Individual Defendants' immediate family members, any of Defendants' parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, other professionals, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors, and assigns.

* "Releasor" means each and every one of, and "Releasors" means all of, (i) Plaintiffs, (ii) all other Class Members, and (iii) their respective legal representatives, heirs, executors, administrators, predecessors, successors in interest, transferees and assignees, in their capacities as such.

* "Unknown Claims" means any and all (i) Released Plaintiffs' Claims that any Releasor does not know or suspect exists with respect to one or more Releasees at the time of the release of the Releasees or (ii) Released Defendants' Claims that any Releasee does not know or suspect exists with respect to one or more Releasors at the time of the release of the Releasors, which, if known by such Releasee or Releasor (as the case may be) might have affected his, her or its decision(s) concerning the Settlement. As to all Claims released by the Settlement Agreement, the Parties stipulate and agree that, upon the Effective Date of the Settlement, each of the Parties expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Order Approving Settlement and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or of any other country, or any principle of federal or common law, that is similar, comparable or equivalent to California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the Claims released pursuant to the Settlement Agreement was separately bargained for and is a key element of the Settlement Agreement.

**9.     HOW MUCH WILL MY PAYMENT BE IN THE SETTLEMENT?**

At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement. If you are a Class Member, your share of the Net Cash Settlement Amount will depend on the number of valid Claim Forms that Class Members submit, and how many shares of Pfizer common stock you purchased, acquired, and sold during the Class Period, and when you purchased, acquired, and sold such shares.

Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Cash Settlement Amount among Authorized Claimants, as proposed by Plaintiffs and Lead Counsel. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.

**10.     HOW CAN I RECEIVE A PAYMENT IN THE SETTLEMENT?**

To be potentially eligible to receive a payment from the Settlement, you must be an eligible Class Member and you must timely complete and return a Claim Form with adequate supporting documentation. A Claim Form is enclosed with this Notice. You may also get a Claim Form on the Internet at www.pfizersecuritieslitigationsettlement.com, or by contacting the Settlement Administrator toll free at 1-888-236-0464 or by e-mail at info@pfizersecuritieslitigationsettlement.com. Read the instructions in the Claim Form carefully, fill out the Claim Form, include the documents the Claim Form asks for, sign it, and mail it, **postmarked no later than January 28, 2017**, to:

> **Pfizer Securities Litigation Settlement**
> **c/o Garden City Group, LLC**
> **P.O. Box 10305**
> **Dublin, OH 43017-5905**

If you are excluded from the Class by definition or you are listed on Exhibit C of the Settlement Agreement, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Cash Settlement Amount.

In addition, please note, in connection with Defendants' summary judgment motion, the Court ruled that the full extent of the truth was in the public domain as of the end of the day on December 19, 2004 and that Plaintiffs identified no loss-causing risk information disclosure after December 19, 2004. In addition, based upon the Court's ruling, it also became clear that any Pfizer common stock purchased or otherwise acquired on December 17, 2004 and December 18, 2004 did not incur a loss attributable to the allegedly misrepresented information. As a result, if you purchased or otherwise acquired shares of Pfizer common stock on any date after December 16, 2004, you will not receive any recovery resulting from such purchases or acquisitions.

**11.     WHEN WILL I RECEIVE MY PAYMENT IN THE SETTLEMENT?**

The Court will hold a hearing on December 21, 2016 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain when these appeals will be resolved, and resolving them can take time, perhaps more than a year. Even if no appeals are filed, it will take time for the Settlement Administrator to process all of the Claim Forms and determine the ultimate distribution amounts. Please be patient.

**12.     WHAT AM I GIVING UP TO RECEIVE A PAYMENT IN THE SETTLEMENT?**

All Class Members will be bound by the release of Claims against the Defendants. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Plaintiffs' Claims in this case. It also means that all of the

Court's orders will apply to you and legally bind you and you will release your Claims in this case against the Defendants.  *See* Question No. 8 above.  Note:  If you object, but the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as members of the Class who do not object.

**13.    DO I HAVE A LAWYER IN THE ACTION?**

The court appointed the law firm of Grant & Eisenhofer P.A. to represent you and other Class Members.  These lawyers are called Lead Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers.  Any attorneys' fees and expenses awarded to Lead Counsel, on behalf of Plaintiffs' Counsel, will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.    HOW WILL THE LAWYERS BE PAID?**

Before final approval of the Settlement, Lead Counsel, on behalf of Plaintiffs' Counsel, will formally move the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and for expenses paid or incurred in the Action in an amount not to exceed $25 million, plus interest.  In addition, Plaintiffs may seek reimbursement of up to an aggregate amount not to exceed $100,000 for their reasonable costs and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Plaintiffs' Counsel have been litigating this case for over twelve years without any compensation while simultaneously being at risk of losing everything, including tens of millions of dollars in expenses incurred on behalf of the Class and a lodestar in excess of $100 million resulting from well over 200,000 hours spent prosecuting this Action.  The attorneys' fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement.

**15.    WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you fail to submit a valid Claim Form, you will receive no money from the Settlement.  You will nevertheless be bound by the Releases in the Settlement, and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the other Releasees for the Claims released by the Settlement ever again.

**16.    HOW DO I NOTIFY THE COURT THAT I DO NOT LIKE THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE REQUESTS FOR ATTORNEYS' FEES AND EXPENSES?**

If you are a Class Member you can object to the Settlement of the Action, the proposed Plan of Allocation, the request for attorneys' fees and expenses to Plaintiffs' Counsel and/or the request for reimbursement of Plaintiffs' costs and expenses.  To object, you must send a letter saying that you are a Class Member and that you object to the Settlement, and stating the reasons why you object, including any legal and evidentiary support you wish to bring to the Court's attention.  You should also include the name of the case:  *In re Pfizer Inc. Securities Litigation*, Case No. 04-cv-9866 (LTS)(HBP) (S.D.N.Y.).  Your objection must include: (i) your name, address, telephone number, and your signature and (ii) documents sufficient to prove your membership in the Class, including the number of shares of Pfizer common stock that you purchased, acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below **on or before November 28, 2016**.  You must also serve your objection on the designees for Lead Counsel  and Defendants' Counsel at the addresses listed below, so that it is **received no later than November 28, 2016.**

| **Clerk's Office:** | **Lead Counsel Designee:** | **Defendants' Counsel Designee:** |
|---|---|---|
| United States District Court | Mary S. Thomas, Esq. | Lynn K. Neuner, Esq. |
| Southern District of New York | Grant & Eisenhofer P.A. | Simpson Thacher & Bartlett LLP |
| Clerk of the Court | 123 Justison Street | 425 Lexington Avenue |
| United States Courthouse | Wilmington, DE 19801 | New York, NY 10017 |
| 500 Pearl Street | | |
| New York, NY 10007 | | |

**17.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND THE REQUESTED ATTORNEYS' FEES AND EXPENSES?**

The Court will hold the Final Approval Hearing on **December 21, 2016 at 10:00 a.m.**, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, with the Honorable Laura Taylor Swain presiding.  At this hearing the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable and adequate and in the best interests of the Class, and whether Lead Counsel's request for an award of attorneys' fees and expenses to Plaintiffs' Counsel and the request for reimbursement of costs and expenses to Plaintiffs should be granted.  If there are written objections to the Settlement, the Court will consider them at this hearing.  The Court will also permit people to speak who have asked in writing by the appropriate deadline.

You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Class Members. If you want to attend the Final Approval Hearing, you should check with Lead Counsel or visit the Settlement website, www.pfizersecuritieslitigationsettlement.com, beforehand to be sure that the date and/or time of the hearing have not changed.

**18.     DO I HAVE TO COME TO THE HEARING?**

No.  Lead Counsel will answer any questions the Court may have, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to the Final Approval Hearing to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**19.     MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter stating that you are a Class Member, that it is your intention to appear in person at the Final Approval Hearing, that you object to some part of the Settlement in *In re Pfizer Inc. Securities Litigation*, Case No. 04-cv-9866 (LTS)(HBP) (S.D.N.Y.), and the reasons why you object.  You must also follow all of the instructions set forth in Question No. 16 above regarding demonstrating Class membership.

Your notice of intention to appear must be filed with the Clerk's office and served on the designees for Lead Counsel and Defendants' Counsel, at the addresses listed in Question No. 16 above, so that it is **received no later than November 28, 2016**.

You may file a written objection without having to appear at the Final Approval Hearing.  You may not, however, appear at the Final Approval Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

**20.     ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

This Notice provides only a summary of the Settlement.  For more detailed information, you may contact Lead Counsel or the Settlement Administrator, or visit www.pfizersecuritieslitigationsettlement.com.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION OR ADVICE REGARDING THIS NOTICE.**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

**Please Note:  If you previously provided names and addresses of persons and entities on whose behalf you purchased or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005, in connection with the Class Notice, and (i) those names and addresses remain valid and (ii) you have no additional names and addresses for potential Class Members to provide to the Settlement Administrator, you need do nothing further at this time.  The Settlement Administrator will mail a copy of the Notice and Claim Form to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.**

If you have not already provided a list of names and addresses for persons and entities on whose behalf you purchased or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005, in connection with the Class Notice, then, the Court has ordered that you must, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (a) send the Notice and the Claim Form to all beneficial owners of such Pfizer common stock, or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator, in which event the Settlement Administrator shall promptly mail the Notice and the Claim Form to such beneficial owners.  **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (E.G., BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

If you select option (a) above, the Settlement Administrator shall forward the same number of copies of the Notice and the Claim Form to you to forward to your beneficial owners.  If you request additional copies of the Notice and Claim Form, please contact the Settlement Administrator.  The Settlement Administrator shall, if requested, reimburse Nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice and Claim Form to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation. All communications concerning the foregoing should be addressed to the Settlement Administrator at:

***Pfizer Securities Litigation Settlement***
c/o Garden City Group, LLC
P.O. Box 10305
Dublin, OH  43017-5905

Dated: September 30, 2016                                    BY THE ORDER OF THE COURT:
                                                             United States District Court
                                                             for the Southern District of New York

9

# APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF NET CASH SETTLEMENT AMOUNT

The objective of the proposed Plan of Allocation is to equitably distribute the Net Cash Settlement Amount to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Consolidated Class Action Complaint dated March 27, 2012, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto. The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding Pfizer and statistical analysis of the price movements of publicly traded Pfizer common stock ("Pfizer Common Stock") and the performance of relevant market and peer indices during the Class Period. However, the calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The calculations made pursuant to the Plan of Allocation also are not intended to measure the amounts that Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Cash Settlement Amount.[3]

The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Cash Settlement Amount to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, Pfizer Common Stock must have been purchased or otherwise acquired during the Class Period and held at least one of the alleged corrective disclosures that removed alleged artificial inflation related to that information. After the submission of expert reports in the Action, the Court found that there were five dates on which corrective disclosures removed artificial inflation from the price of Pfizer Common Stock: October 7, 2004, October 15, 2004, November 10, 2004, December 17, 2004, and December 20, 2004.[4] Based upon the Court's ruling, it also became clear that any Pfizer Common Stock purchased or otherwise acquired from December 17, 2004 through October 20, 2005 did not incur a loss attributable to the allegedly misrepresented information. Therefore, if a Class Member's only transactions during the Class Period fall within this date range, it is not necessary to fill out and submit a Claim Form as purchases and acquisitions during this time will not be eligible for a recovery from the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Pfizer Common Stock will first be matched on a First In/First Out ("FIFO") basis as set forth in paragraph 6 below.

2.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Pfizer Common Stock purchased or otherwise acquired from October 31, 2000 through December 16, 2004 that is listed in the Claim Form and for which adequate documentation is provided.

3.      For some shares, alleged inflation at the time of sale will be greater than the alleged inflation at the time of purchase resulting in a gain rather than a loss from the alleged fraud ("Recognized Gain Amount"), which will be used to offset the Claimant's losses from other transactions in Pfizer Common Stock. The sum of a Claimant's Recognized Loss Amounts and Recognized Gain Amounts will be the Claimant's "Recognized Claim." To the extent that the calculation of a Claimant's Recognized Claim results in a negative number, that number shall be set to zero.

4.      For each share of Pfizer Common Stock purchased or otherwise acquired from October 31, 2000 through December 16, 2004 and sold on or before March 16, 2005,[5] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions).

5.      For each share of Pfizer Common Stock purchased or otherwise acquired from October 31, 2000 through and including December 16, 2004 and

A.      Sold on or before October 6, 2004, the Recognized Loss Amount for each share shall be zero.[6]

---

[3] Because any Recognized Claim for the 20A Sub-Class would be rendered insignificant relative to the costs to administer a separate and distinct plan of allocation for 20A claims, the Net Cash Settlement Amount will be allocated among all Class Members based solely upon the plan of allocation as it relates to Section 10(b) Claims.

[4] Plaintiffs' damages expert also identified six dates in which alleged artificial inflation in Pfizer Common Stock increased during the Class Period: April 16, 2003, August 26, 2004, September 30, 2004, December 21, 2004, December 22, 2004, and February 18, 2005.

[5] March 16, 2005 represents the last day of the 90-day period subsequent to December 16, 2004 (the "90-day look back period"), the last date on which the Court found that corrective information was revealed. The PSLRA imposes a statutory limitation on recoverable damages using the 90-day look back period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Pfizer Common Stock and the average price of Pfizer Common Stock during the 90-day look back period if the share was held through March 16, 2005, the end of this period. Losses on Pfizer Common Stock purchased/acquired during the period from October 31, 2000 through December 16, 2004 and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the Pfizer Common Stock and the average price of Pfizer Common Stock during the portion of the 90-day look back period elapsed as of the date of sale, as set forth in Table 2 below.

[6] As referenced above in Paragraph 3 and reflected on Table 1, alleged inflation is increasing from the beginning of the Class Period until October 7, 2004, when the first corrective disclosure is made. As a result, it is possible that shares of Pfizer Common Stock could be sold at an inflation level that is greater than the inflation level at the time of purchase/acquisition. In this instance, a Recognized Gain Amount shall be calculated based upon the difference between the inflation set forth on Table 1 at the time of purchase/acquisition and the inflation set forth on Table 1 at the time of sale, which Recognized Gain Amount shall be utilized to offset Recognized Loss Amounts from other transactions from October 31, 2000 through December 16, 2004.

B.    Sold after October 6, 2004 and on or before December 16, 2004, the Recognized Loss Amount for each share shall be *the lesser of*:

(i)    the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

(ii)   the Out of Pocket Loss.

C.    Sold after December 16, 2004 and on or before March 16, 2005, the Recognized Loss Amount for each share shall be *the least of*:

(i)    the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

(ii)   the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* the average closing price of Pfizer Common Stock on the date of sale as set forth in **Table 2** below; or

(iii)  the Out of Pocket Loss.

D.    Held as of the close of trading on March 16, 2005, the Recognized Loss Amount for each share shall be *the lesser of*:

(i)    the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

(ii)   the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* $25.74 (the average closing price of Pfizer Common Stock between December 17, 2004 and March 16, 2005, as shown on the last line in **Table 2** below).

## ADDITIONAL PROVISIONS

6.    If a Class Member has more than one purchase/acquisition or sale of Pfizer Common Stock during the period from October 31, 2000 through December 16, 2004, all purchases/acquisitions and sales shall be matched on a FIFO basis. Sales during this period will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the period from October 31, 2000 through December 16, 2004.

7.    Purchases/acquisitions and sales of Pfizer Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Pfizer Common Stock during the period from October 31, 2000 through December 16, 2004 shall not be deemed a purchase, acquisition or sale of these shares of Pfizer Common Stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Pfizer Common Stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Pfizer Common Stock during the period from October 31, 2000 through December 16, 2004; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Pfizer Common Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Pfizer Common Stock. The date of a "short sale" is deemed to be the date of sale of Pfizer Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Pfizer Common Stock, the earliest purchases or acquisitions during the period from October 31, 2000 through December 16, 2004 shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

9.    Pfizer Common Stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Pfizer Common Stock are not securities eligible to participate in the Settlement. With respect to Pfizer Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the Pfizer Common Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

10.   An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Cash Settlement Amount. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Cash Settlement Amount is greater than the Net Cash Settlement Amount, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Cash Settlement Amount. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Cash Settlement Amount.

11.   If the Net Cash Settlement Amount exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Cash Settlement Amount, the excess amount in the Net Cash Settlement Amount shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

12.   Receipt of monies by each Authorized Claimant pursuant to either paragraph 10 or 11 above will be deemed full and complete payment from the Settlement of his, her or its Recognized Claim.

13.   The Net Cash Settlement Amount will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.   If there is any balance remaining in the Net Cash Settlement Amount after nine (9) months from the date of distribution of the Net Cash Settlement Amount (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Lead Counsel

shall conduct further re-distributions of the Net Cash Settlement Amount to Authorized Claimants until it is determined that further re-distributions are not economically feasible. Thereafter, any balance which still remains in the Net Cash Settlement Amount shall be donated to an appropriate non-profit organization to be agreed upon by counsel for Plaintiffs and Defendants.

15.    Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court of the Southern District of New York with respect to his, her or its claim.

16.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the website for this Action, www.pfizersecuritieslitigationsettlement.com.

### TABLE 1
**Pfizer Common Stock Estimated Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation**

| Purchase or Sale Date | Artificial Inflation |
|---|---|
| October 30, 2000 - April 15, 2003 | $0.96 |
| April 16, 2003 - August 25, 2004 | $1.92 |
| August 26, 2004 - September 29, 2004 | $2.23 |
| September 30, 2004 - October 6, 2004 | $3.28 |
| October 7, 2004 - October 14, 2004 | $2.76 |
| October 15, 2004 - November 9, 2004 | $1.96 |
| November 10, 2004 - December 16, 2004 | $1.44 |

### TABLE 2
**Pfizer Common Stock Closing Price and Average Closing Price December 17, 2004 - March 16, 2005**

| Date | Closing Price | Average Closing Price between December 17, 2004 and Date Shown | Date | Closing Price | Average Closing Price between December 17, 2004 and Date Shown |
|---|---|---|---|---|---|
| 12/17/2004 | $25.75 | $25.75 | 2/2/2005 | $24.07 | $25.52 |
| 12/20/2004 | $24.29 | $25.02 | 2/3/2005 | $23.91 | $25.48 |
| 12/21/2004 | $24.97 | $25.00 | 2/4/2005 | $24.23 | $25.44 |
| 12/22/2004 | $25.95 | $25.24 | 2/7/2005 | $24.91 | $25.42 |
| 12/23/2004 | $26.07 | $25.41 | 2/8/2005 | $25.55 | $25.43 |
| 12/27/2004 | $26.50 | $25.59 | 2/9/2005 | $25.05 | $25.42 |
| 12/28/2004 | $26.94 | $25.78 | 2/10/2005 | $25.05 | $25.41 |
| 12/29/2004 | $27.26 | $25.97 | 2/11/2005 | $25.15 | $25.40 |
| 12/30/2004 | $27.01 | $26.08 | 2/14/2005 | $25.48 | $25.40 |
| 12/31/2004 | $26.89 | $26.16 | 2/15/2005 | $25.22 | $25.40 |
| 1/3/2005 | $26.45 | $26.19 | 2/16/2005 | $24.95 | $25.39 |
| 1/4/2005 | $26.45 | $26.21 | 2/17/2005 | $25.06 | $25.38 |
| 1/5/2005 | $26.27 | $26.22 | 2/18/2005 | $26.80 | $25.41 |
| 1/6/2005 | $26.29 | $26.22 | 2/22/2005 | $26.59 | $25.44 |
| 1/7/2005 | $26.30 | $26.23 | 2/23/2005 | $26.31 | $25.46 |
| 1/10/2005 | $26.44 | $26.24 | 2/24/2005 | $26.40 | $25.48 |
| 1/11/2005 | $26.15 | $26.23 | 2/25/2005 | $26.86 | $25.51 |
| 1/12/2005 | $26.03 | $26.22 | 2/28/2005 | $26.29 | $25.52 |
| 1/13/2005 | $25.33 | $26.18 | 3/1/2005 | $26.61 | $25.54 |
| 1/14/2005 | $25.25 | $26.13 | 3/2/2005 | $26.61 | $25.57 |
| 1/18/2005 | $25.30 | $26.09 | 3/3/2005 | $26.59 | $25.58 |
| 1/19/2005 | $24.88 | $26.04 | 3/4/2005 | $26.85 | $25.61 |
| 1/20/2005 | $24.98 | $25.99 | 3/7/2005 | $27.18 | $25.64 |
| 1/21/2005 | $24.48 | $25.93 | 3/8/2005 | $26.76 | $25.66 |
| 1/24/2005 | $24.26 | $25.86 | 3/9/2005 | $26.74 | $25.68 |
| 1/25/2005 | $24.59 | $25.81 | 3/10/2005 | $26.75 | $25.70 |
| 1/26/2005 | $24.59 | $25.77 | 3/11/2005 | $26.36 | $25.71 |
| 1/27/2005 | $24.68 | $25.73 | 3/14/2005 | $26.53 | $25.72 |
| 1/28/2005 | $24.35 | $25.68 | 3/15/2005 | $26.29 | $25.73 |
| 1/31/2005 | $24.16 | $25.63 | 3/16/2005 | $26.05 | $25.74 |
| 2/1/2005 | $23.86 | $25.57 | | | |



| Must be Postmarked No Later Than January 28, 2017 |
|---|

**Pfizer Securities Litigation Settlement**
c/o Garden City Group, LLC
P.O. Box 10305
Dublin, OH 43017-5905
1-888-236-0464
www.pfizersecuritieslitigationsettlement.com

Claim Number:

Control Number:

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET CASH SETTLEMENT AMOUNT IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL, POSTMARKED NO LATER THAN JANUARY 28, 2017, ADDRESSED AS FOLLOWS:

**Pfizer Securities Litigation Settlement**
c/o Garden City Group, LLC
P.O. Box 10305
Dublin, OH 43017-5905

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED ABOVE WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I - CLAIMANT IDENTIFICATION | 2 |
| PART II - GENERAL INSTRUCTIONS | 3-4 |
| PART III - SCHEDULE OF TRANSACTIONS IN PFIZER COMMON STOCK | 5 |
| PART IV - RELEASE OF CLAIMS AND SIGNATURE | 6-7 |
| REMINDER CHECKLIST | 8 |

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0



2

## PART I - CLAIMANT IDENTIFICATION

**Claimant or Representative Contact Information:**

The Settlement Administrator will use the information supplied below for all communications regarding this Claim Form. If this information changes, you MUST notify the Settlement Administrator in writing at the address above.

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Joint Beneficial Owner, if applicable:**

**Street Address:**

**City:**                                                        **Last 4 digits of Claimant SSN/TIN:**[1]

**Account Number:**

**State:**        **Zip Code:**        **Country (if Other than U.S.):**

**Name of the Person you would like the Settlement Administrator to Contact Regarding This Claim** (if different from the Claimant Name(s) listed above):

**Daytime Telephone Number:**                    **Evening Telephone Number:**

**Email Address**  (Email address is not required, but if you provide it you authorize the Settlement Administrator to use it in providing you with information relevant to this claim.)

**NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.pfizersecuritieslitigationsettlement.com or you may email the Settlement Administrator's electronic filing department at eClaim@gardencitygroup.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues an email after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.**



**To view Garden City Group, LLC's Privacy Notice, please visit http://www.gardencitygroup.com/privacy**

[1]The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.



3

## PART II - GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of Proposed Settlement of Securities Class Action, Application for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") that accompanies this Claim Form, including the Proposed Plan of Allocation of Net Cash Settlement Amount set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Cash Settlement Amount will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A CLASS MEMBER (see the definition of the Class in Question 5 of the Notice, which sets forth who is included in and who is excluded from the Class), DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.**  THUS, IF YOU PREVIOUSLY EXCLUDED YOURSELF FROM THE CLASS IN CONNECTION WITH THE NOTICE OF PENDENCY OF CLASS ACTION DATED JULY 5, 2012 (THE "CLASS NOTICE") AND ARE LISTED ON EXHIBIT C TO THE SETTLEMENT AGREEMENT[2], ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Cash Settlement Amount will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Pfizer common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Pfizer common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **PLEASE NOTE:**  The Class certified by the Court includes the Class Period from October 31, 2000 through October 19, 2005.  However, in connection with Defendants' summary judgment motion, the Court ruled that the full extent of the truth was in the public domain as of the end of the day on December 19, 2004 and that Plaintiffs identified no loss-causing risk information disclosure after December 19, 2004.  In addition, based upon the Court's ruling, it also became clear that any Pfizer common stock purchased or otherwise acquired on December 17, 2004 and December 18, 2004 did not incur a loss attributable to the allegedly misrepresented information.  As a result, if you purchased or otherwise acquired shares of Pfizer common stock on any date after December 16, 2004, you will not receive any recovery resulting from such purchases/acquisitions.  **Accordingly, if your only purchases/acquisitions of Pfizer common stock occurred after December 16, 2004, it is not necessary for you to complete and submit this Claim Form.**

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Pfizer common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. **The Parties and the Settlement Administrator do not independently have information about your investments in Pfizer common stock. If such documents are not in your possession, please obtain copies or equivalent documents from your broker. Failure to supply this documentation may result in the rejection of your claim.**  DO NOT SEND ORIGINAL DOCUMENTS.  Please keep a copy of all documents that you send to the Settlement Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.

7.      Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

---

2      Exhibit C to the Settlement Agreement can be viewed on the website for the Settlement, www.pfizersecuritieslitigationsettlement.com.



4

## PART II - GENERAL INSTRUCTIONS (CONTINUED)

8.    All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased or otherwise acquired Pfizer common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you held, purchased or otherwise acquired Pfizer common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Pfizer common stock; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

    (a)    own(ed) the Pfizer common stock you have listed in the Claim Form; or

    (b)    are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process could take substantial time to complete fully and fairly.  Please be patient.

13.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Settlement Administrator, Garden City Group, LLC, at the above address, by toll-free phone at 1-888-236-0464 or by e-mail at info@pfizersecuritieslitigationsettlement.com, or you may download the documents from www.pfizersecuritieslitigationsettlement.com.

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above.  Do not include information regarding securities other than Pfizer common stock.



5

## PART III - SCHEDULE OF TRANSACTIONS IN PFIZER COMMON STOCK

**A.** **BEGINNING HOLDINGS:** State the total number of shares of Pfizer common stock held as of the opening of trading on **October 31, 2000**. (Must be documented.) If none, write "zero" or "0."

Shares

**B.** **PURCHASES/ACQUISITIONS DURING RELEVANT PERIOD:** Separately list each and every purchase/acquisition (including free receipts) of Pfizer common stock from after the opening of trading on **October 31, 2000** through and including the close of trading on **December 16, 2004.** (Must be documented.)[3]

| Trade Date(s) of Purchase(s)/Acquisition(s) (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | | |
| / / | | | |
| / / | | | |
| / / | | | |

**C.** **PURCHASES/ACQUISITIONS DURING 90-DAY LOOK-BACK PERIOD:** State the total number of shares of Pfizer common stock purchased/acquired (including free receipts) from after the opening of trading on **December 17, 2004** through and including the close of trading on **March 16, 2005**. If none, write "zero" or "0."[4]

Shares

**D.** **SALES DURING RELEVANT PERIOD AND DURING 90-DAY LOOK-BACK PERIOD:** Separately list each and every sale/disposition (including free deliveries) of Pfizer common stock from after the opening of trading on **October 31, 2000** through and including the close of trading on **March 16, 2005**. (Must be documented.)

| Date(s) of Sale(s) (List Chronologically) (Month/Day /Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | | |
| / / | | | |
| / / | | | |
| / / | | | |

**E.** **ENDING HOLDINGS:** State the total number of shares of Pfizer common stock held as of the close of trading on **March 16, 2005**. (Must be documented.) If none, write "zero" or "0."

Shares

[3] **Please Note:** As set forth above, the Class certified by the Court includes the Class Period from October 31, 2000 through October 19, 2005. However, in connection with Defendants' summary judgment motion, the Court ruled that the full extent of the truth was in the public domain as of the end of the day on December 19, 2004 and that Plaintiffs identified no loss-causing risk information disclosure after December 19, 2004. In addition, based upon the Court's ruling, it also became clear that any Pfizer common stock purchased or otherwise acquired on December 17 and December 18, 2004 did not incur a loss attributable to the allegedly misrepresented information. As a result, if you purchased or otherwise acquired shares of Pfizer common stock on any date after December 16, 2004, you will not receive any recovery resulting from such purchases/acquisitions.

[4] **Please Note:** Information requested with respect to your purchases/acquisitions of Pfizer common stock from after the opening of trading on December 17, 2004 through and including the close of trading on March 16, 2005 is needed in order to evaluate your claim; purchases/acquisition during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED



6

| PART IV - RELEASE OF CLAIMS AND SIGNATURE |
|---|

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Settlement Agreement and the Order Approving Settlement and Final Judgment, without further action by anyone, on and after the Effective Date, I (we), on behalf of myself (ourselves) and my (our) respective legal representatives, heirs, executors, administrators, predecessors, successors in interest, transferees and assigns, in that capacity, for good and sufficient consideration, shall be deemed to have, and by operation of law and of the Order Approving Settlement and Final Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged all Released Plaintiffs' Claims (as defined below) against each and every one of the Releasees (as defined below), except to the extent otherwise specified in the Settlement Agreement.

- "Released Plaintiffs' Claims" means any and all Claims arising from or related in any way to both *(i)* the purchase of Pfizer Inc. common stock during the Class Period and *(ii)* the acts, facts, statements or omissions that have been, could have been, or could be alleged by Plaintiffs in the Action, including any and all Claims and claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been, could have been, or could be asserted in the Action or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, which Plaintiffs or any member of the Class, or their legal representatives, heirs, executors, administrators, predecessors, successors in interest, transferees and assignees, ever had, now have, or hereafter can, shall, or may have had, except claims to enforce the Settlement.

- "Releasee" means each and every one of, and "Releasees" means all of, Pfizer and the Individual Defendants, any of the Individual Defendants' immediate family members, any of Defendants' parent entities, business units, business divisions, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, other professionals, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors, and assigns.

- "Unknown Claims" means any and all *(i)* Released Plaintiffs' Claims that any Releasor does not know or suspect exists with respect to one or more Releasees at the time of the release of the Releasees or *(ii)* Released Defendants' Claims that any Releasee does not know or suspect exists with respect to one or more Releasors at the time of the release of the Releasors, which, if known by such Releasee or Releasor (as the case may be) might have affected his, her or its decision(s) concerning the Settlement. As to all Claims released by the Settlement Agreement, the Parties stipulate and agree that, upon the Effective Date of the Settlement, each of the Parties expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Order Approving Settlement and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or of any other country, or any principle of federal or common law, that is similar, comparable or equivalent to California Civil Code Section 1542, which provides:

    A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the Claims released pursuant to the Settlement Agreement was separately bargained for and is a key element of the Settlement Agreement.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

      1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;



## PART IV - RELEASE OF CLAIMS AND SIGNATURE (CONTINUED)

3.    that the claimant has **not** previously submitted a valid request for exclusion from the Class in connection with the Class Notice as listed on Exhibit C to the Settlement Agreement;

4.    that I (we) own(ed) the Pfizer common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Pfizer common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Settlement Administrator or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant

_____      _____

Print Name of Claimant                                  Date

_____

Signature of Joint Claimant, if any

_____      _____

Print Name of Joint Claimant, if any                    Date

***If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of Person Completing Form

_____      _____

Print Name of Person Completing Form                   Date

_____

Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page 4 of this Claim Form)



8

## REMINDER CHECKLIST

1.  Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Remember to attach only copies of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Settlement Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgment postcard within 60 days, please contact the Settlement Administrator toll free at (888) 236-0464, or by email at info@pfizersecuritieslitigationsettlement.com**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Settlement Administrator written notification of your new address. If you change your name, please inform the Settlement Administrator.

7.  If you have any questions or concerns regarding your claim, please contact the Settlement Administrator at the above address, by phone toll-free at 1-888-236-0464, by email at info@pfizersecuritieslitigationsettlement.com, or visit the website for the Settlement www.pfizersecuritieslitigationsettlement.com. Please DO NOT call Pfizer, any other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE SETTLEMENT ADMINISTRATOR BY PREPAID, FIRSTCLASS MAIL, **POSTMARKED NO LATER THAN JANUARY 28, 2017,** ADDRESSED AS FOLLOWS:

*Pfizer Securities Litigation Settlement*
**c/o Garden City Group, LLC**
**P.O. Box 10305**
**Dublin, OH 43017-5905**

A Claim Form received by the Settlement Administrator shall be deemed to have been submitted when posted, if a postmark date on or before January 28, 2017 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Settlement Administrator of any change of address.

# EXHIBIT B

THE ⬚E⬚⬚TI⬚E ⬚⬚⬚⬚T⬚⬚⬚E⬚E⬚ ⬚E⬚⬚⬚E⬚ ⬚⬚TI⬚⬚
⬚⬚ ⬚⬚⬚⬚ ⬚⬚⬚T

Dear Brokerage Firm, Bank or Nominee:

In 2012, you were notified by a different administrator of the Court's certification of the action titled *In re Pfizer Inc. Securities Litigation, No. 04-cv-9866 (LTS)(HBP)*, to proceed as a class action and the Court's order that notice be sent to all potential Class Members (the "Class Notice"). A proposed settlement of this action has been reached and the Court has now ordered that notice of the proposed settlement be provided by Garden City Group LLC as Settlement Administrator to members of the Class.

If you previously provided names and addresses of persons and entities on whose behalf you purchased or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005, in connection with the Class Notice, and (i) those names and addresses remain valid and (ii) you have no additional names and addresses for potential Class Members to provide to the Settlement Administrator, you need do nothing further at this time. The Settlement Administrator will mail a copy of the Notice and Claim Form to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice. **Please Note: If you previously provided names and addresses of beneficial owners in connection with the Class Notice and there have been address changes for these beneficial owners, you must provide updated addresses for these beneficial owners to the Settlement Administrator.**

If you requested copies of the Class Notice in 2012 for forwarding to your clients, the same number of the Notice and Claim Form will be sent to you.

If you have not already provided a list of names and addresses for persons and entities on whose behalf you purchased or otherwise acquired Pfizer common stock between and including October 31, 2000 and October 19, 2005, in connection with the Class Notice, then, the Court has ordered that you must, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (a) send the Notice and the Claim Form to all beneficial owners of such Pfizer common stock, or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator, in which event the Settlement Administrator shall promptly mail the Notice and the Claim Form to such beneficial owners. AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (E.G., BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.

If you select option (a) above, the Settlement Administrator shall forward the same number of copies of the Notice and the Claim Form to you to forward to your beneficial owners. If you request additional copies of the Notice and Claim Form, please contact the Settlement Administrator. All communications concerning the foregoing should be addressed to the Settlement Administrator at: Pfizer Securities Litigation Settlement, c/o Garden City Group, LLC, P.O. Box 10305, Dublin, OH 43017-5905, calling 1-888-236-0464, or by emailing enoticemailing@gardencitygroup.com.

Sincerely,
GCG
Settlement Administrator



# AFFIDAVIT

STATE OF TEXAS           )
                           )  ss:

CITY AND COUNTY OF DALLAS)

I, Jeb Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1   insertion(s) on the following date(s):

OCT-06-2016;

ADVERTISER: PFIZER INC.;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
6   day of   October     2016

Notary Public

TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PFIZER INC.<br>SECURITIES LITIGATION | NO. 04-CV-9866 (LTS)(HBP)<br>ECF CASE |

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF SECURITIES CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING

**To: All persons and entities who purchased and/or otherwise acquired Pfizer Inc. ("Pfizer" or "PFE") common stock between and including October 31, 2000 and October 19, 2005 (the "Class").**

Certain persons and entities are excluded from the definition of the Class as set forth in detail in the Stipulation and Agreement of Settlement dated August 26, 2016 (the "Settlement Agreement") and the Notice described below.

**Please read this notice carefully. If you are a member of the Class, your rights will be affected by a class action lawsuit pending in this Court, and you may be entitled to share in the Settlement described below.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the parties in the above-captioned action (the "Action") have reached a proposed settlement for $486,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on December 21, 2016, at 10:00 a.m., before the Honorable Laura Taylor Swain, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12D, New York, NY 10007, for the purpose of determining (1) whether the Settlement should be approved by the Court as fair, reasonable, and adequate; (2) whether a Judgment should be entered by the Court dismissing the Action with prejudice; (3) whether the proposed Plan of Allocation is fair, reasonable, and adequate; and (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and for reimbursement of Plaintiffs' costs and expenses in connection with the Action should be approved.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF PFIZER COMMON STOCK DURING THE CLASS PERIOD. If you have not received the detailed Notice and Claim Form regarding the proposed Settlement, you may obtain copies of these documents by contacting the Settlement Administrator, at *Pfizer Securities Litigation Settlement*, c/o Garden City Group, LLC, P.O. Box 10305, Dublin, OH 43017-5905, (888) 236-0464, or on the Internet at www.pfizersecuritieslitigationsettlement.com. Other inquiries may be directed to Court-appointed Lead Counsel, Mary S. Thomas, Esq., Grant & Eisenhofer P.A., 123 Justison Street, Wilmington, DE 19801, (302) 622-7000.

If you are a Class Member, in order to be eligible to share in the distribution of the net Settlement proceeds, you must submit a Claim Form *postmarked no later than January 28, 2017*, establishing that you are entitled to a recovery. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a Class Member, you have the right to object to the proposed Settlement, the proposed Plan of Allocation, and/or the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and for reimbursement of Plaintiffs' costs and expenses. Any objections must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than November 28, 2016*, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Settlement Administrator as listed above.**

| | |
|---|---|
| Dated:  October 6, 2016 | BY THE ORDER OF THE COURT:<br>United States District Court<br>for the Southern District of New York |

# EXHIBIT D



**The New York Times**
620 8TH AVENUE · NEW YORK, NY 10018

# PROOF OF PUBLICATION

October 17, 2016

I, Alice Weber, in my capacity as a Principal Clerk of the Publisher of *The New York Times*, a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of

*The New York Times* on the following date or dates, to wit on

OCT 0 6 2016   A19

Sworn before me the

18th day of Oct, 2016

Notary Public

MICHELLE MARY SCIBILIA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SC6281145
Qualified in Nassau County
My Commission Expires May 13, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PFIZER INC.                              NO. 04-CV-9866 (LTS) (HBP)
SECURITIES LITIGATION                          ECF CASE

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF SECURITIES CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING

To: All persons and entities who purchased and/or otherwise acquired Pfizer Inc. ("Pfizer" or "PFE") common stock between and including October 31, 2000 and October 19, 2005 (the "Class").

Certain persons and entities are excluded from the definition of the Class as set forth in detail in the Stipulation and Agreement of Settlement dated August 26, 2016 (the "Settlement Agreement") and the Notice described below.

Please read this notice carefully. If you are a member of the Class, your rights will be affected by a class action lawsuit pending in this Court, and you may be entitled to share in the Settlement described below.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the parties in the above-captioned action (the "Action") have reached a proposed settlement for $486,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on December 21, 2016, at 10:00 a.m., before the Honorable Laura Taylor Swain, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 12D, New York, NY 10007, for the purpose of determining: (1) whether the Settlement should be approved by the Court as fair, reasonable, and adequate; (2) whether a Judgment should be entered by the Court dismissing the Action with prejudice; (3) whether the proposed Plan of Allocation is fair, reasonable, and adequate; and (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and/or reimbursement of Plaintiffs' costs and expenses in connection with the Action should be approved.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS ACTION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR PURCHASE OR ACQUISITION OF PFIZER COMMON STOCK DURING THE CLASS PERIOD. If you have not received the detailed Notice and Claim Form regarding the proposed Settlement, you may obtain copies of these documents by contacting the Settlement Administrator, at *Pfizer Securities Litigation Settlement*, c/o Garden City Group, LLC, P.O. Box 10305, Dublin, OH 43017-5905, (888) 236-0464, or on the Internet at www.pfizersecuritieslitigationsettlement.com. Other inquiries may be directed to Court-appointed Lead Counsel, Mary S. Thomas, Esq., Grant & Eisenhofer P.A., 123 Justison Street, Wilmington, DE 19801, (302) 622-7000.

If you are a Class Member, in order to be eligible to share in the distribution of the net Settlement proceeds, you must submit a Claim Form *postmarked no later than January 28, 2017*, establishing that you are entitled to a recovery. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a Class Member, you have the right to object to the proposed Settlement, the proposed Plan of Allocation, and/or the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and/or reimbursement of Plaintiffs' costs and expenses. Any objections must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received no later than November 28, 2016*, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Settlement Administrator as listed above.

Dated: October 6, 2016                         BY THE ORDER OF THE COURT
                                               United States District Court
                                               for the Southern District of New York

# EXHIBIT E

**Katie Sparks**

| | |
|---|---|
| **From:** | sfhubs@prnewswire.com |
| **Sent:** | Thursday, October 06, 2016 6:00 AM |
| **To:** | GCGBuyers; Katie Sparks |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Grant & Eisenhofer P.A.. ID# 1684376-1-1 |

## PR NEWSWIRE EDITORIAL

Hello

Your press release was successfully distributed:

Release headline: Grant & Eisenhofer P.A. Announces Settlement of In re Pfizer Inc. Securities Litigation
Word Count: 722
Product Summary:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 1684376-1-1

Distribution time: 06-Oct-2016 09:00:00 AM ET

View your release*: http://www.prnewswire.com/news-releases/grant--eisenhofer-pa-announces-settlement-of-in-re-pfizer-inc-securities-litigation-300335853.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Discover how to measure strategic goals across channels to assist in achieving your communications objectives:
http://www.prnewswire.com/knowledge-center/Matching-Measurement-to-Medium-Press-Release-Metrics-across-Channels.html

For U.S. Members Only: Find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.