# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE PFIZER INC. SECURITIES LITIGATION | No. 04-cv-9866 (LTS)(HBP) ECF CASE |
|---|---|

**DECLARATION OF ROY A. MONGRUE, JR. ON BEHALF OF THE TEACHERS' RETIREMENT SYSTEM OF LOUISIANA IN SUPPORT OF: (A) CLASS REPRESENTATIVES' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (C) CLASS REPRESENTATIVE'S <u>REQUEST FOR REIMBURSEMENT OF REASONABLE COSTS AND EXPENSES</u>**

I, Roy A. Mongrue, Jr., on behalf of the Teachers' Retirement System of Louisiana ("TRSL"), declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I have been the General Counsel of TRSL since 2006 and am authorized to make this Declaration on its behalf.

2. I submit this declaration in support of (a) Class Representatives' motion for final approval of the proposed class action Settlement reached with the Defendants in this Action; (b) Lead Counsel's motion for an award of attorneys' fees and expenses; and (c) TRSL's request for reimbursement of reasonable costs and expenses incurred in connection with our representation of the Class in the prosecution and resolution of this action. I have personal knowledge of the matters set forth in this declaration and, if called upon, I could and would testify competently thereto.

3. TRSL is Louisiana's largest public retirement system, providing services and benefits, funded by member and employer contributions and earnings from investments, to more than 160,000 individuals.

1

4. TRSL's purpose is to safeguard and manage the money it holds to provide retirement income for its members. To that end, our in-house legal department, working with outside counsel, is actively involved in combating securities fraud and recovering for any resultant damage. TRSL has served as a lead plaintiff in numerous federal securities cases, and as a result we have a keen understanding of the role and responsibilities of the lead plaintiff in such cases, including its role in connection with settlement.

5. TRSL supports approval of the $486,000,000 settlement in this case and the accompanying Plan of Allocation. In addition, having closely monitored the handling of this case by Class Counsel, in light of the 12-year effort and the lodestar in excess of $120 million, and based upon the advice of independent counsel and a former federal judge, TRSL supports Lead Counsel's application for an award of attorneys' fees in the amount of 28% of the gross settlement, plus expenses. Lastly, TRSL seeks reimbursement of $4,000 representing reasonable costs and expenses it incurred representing the Class in this action.

## I. THE APPOINTMENT OF TRSL AS LEAD PLAINTIFF AND ITS ROLE IN MONITORING THE CASE

6. By order dated October 21, 2005, the Court appointed TRSL as Lead Plaintiff and approved our selection of Grant & Eisenhofer P.A. ("G&E") as Lead Counsel. Thereafter, when the Court granted class certification, the Court appointed as Class Representatives TRSL, Christine Feckles, Julie Perusse, and Alden Chace, and the Court appointed G&E as Class Counsel.

7. Since October 2005, TRSL representatives have carefully monitored the progress of the litigation, and participated in discussions regarding strategy, including the prospects for settlement and/or trial. My communications with G&E have included meetings in person with G&E attorneys on multiple occasions to discuss the case as well as numerous telephone

conversations. I have reviewed the significant briefs and other court papers filed in the action. I was involved in TRSL's production of documents in response to the Defendants' document requests, and my deposition and depositions of other TRSL representatives were taken in this case.

## II.    TRSL'S ROLE IN SETTLEMENT DISCUSSIONS

8.   In particular, I was heavily involved in the discussions in this case regarding settlement. I reviewed the mediation statements that were submitted in connection with the mediation conducted by David Brodsky, Esq., and I attended the mediation session on June 19, 2012 in New York. Through these activities, as well as my continual monitoring of the case, I developed a strong understanding of both sides' strengths and weaknesses, as well as a good feel for how difficult it would be to achieve a settlement.

9.   Discussions as to settlement continued on and off for years after the mediation session with Mr. Brodsky. After Plaintiffs prevailed on the appeal to the Second Circuit in 2016, settlement talks intensified. G&E discussed with me the proposed $486 million settlement, and I, in turn, discussed it with the TRSL Board.

## III.   ENDORSEMENT OF THE SETTLEMENT

10.  Based on my involvement throughout the prosecution and resolution of the case, on behalf of TRSL I approved the decision to enter into the Settlement. I strongly endorse the proposed Settlement and believe the proposed Settlement is fair, reasonable and adequate to the Class. This Settlement provides an excellent recovery for the Class, particularly in light of the substantial risks and uncertainties of Defendants' pending petition for rehearing and rehearing *en banc* ("Rehearing Petition"), trial, and the likely appeals that would follow a trial of this action.

11.  In making the determination that the $486 million Settlement represents a fair, reasonable and adequate result for the Class, I did so with an appreciation of both the strengths

and weaknesses of the Class's claims, including but not limited to (a) Defendants' Rehearing Petition, pending before the United States Court of Appeals for the Second Circuit at the time of the Settlement, which, if granted, could have had the effect of vacating the Second Circuit panel's decision to reverse the Court's decision to preclude the Class's loss causation and damages expert from testifying at trial, leaving the Class without any ability to prove key elements of their claims; (b) hurdles the Class would have had to overcome to prove liability at trial, in the event the Rehearing Petition was denied; and (c) difficulties the Class would face in proving loss causation and damages at trial, even if their loss causation and damages expert was permitted to testify.

12. I also took into account the benefit of settling now for $486 million, versus the costs and uncertainties of further years' worth of protracted litigation and inevitable appeals—including the substantial risk that the Class would recover significantly less than $486 million (or even nothing at all) had the case been litigated to the very end.

13. I believe that the Settlement represents an excellent recovery for the Class in the face of substantial litigation risks. Accordingly, I strongly recommend approval of the Settlement.

## IV. ENDORSEMENT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

14. I believe that Class Counsel provided to the Class legal services of the very highest caliber. They achieved an excellent result against capable adversaries while at all times exhibiting a high degree of professionalism and diligence.

15. I understand that determination of the reasonableness of Plaintiffs' Counsel's fee request is left to the discretion of the Court. Having closely monitored the handling of this case by Class Counsel, in light of the 12-year effort and the lodestar in excess of $120 million, and

based upon the advice of independent counsel and a former federal judge, TRSL supports a fee of 28% that will compensate all counsel in the case.

16.  At the beginning of the case, TRSL and G&E entered in an agreement providing for a fee lower than 28%. At that time, no one contemplated that the case would last 12 years and that Plaintiffs' Counsel would incur a lodestar in excess of $120 million. To limit fees as provided for in that original agreement would result in Plaintiffs' Counsel receiving far less than their lodestar, which does not seem right given the excellent result achieved in this case. TRSL therefore consulted independent counsel, including a former federal judge, to advise us concerning the fee request. On the basis of their advice and my knowledge of the work done and results achieved in this case, TRSL supports Lead Counsel's request on behalf of all Plaintiffs' Counsel for a fee of 28%.

17.  I have also reviewed Lead Counsel's request for reimbursement of litigation expenses and believe that the expenses being requested are fair and reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the action.

## V. REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES REASONABLY INCURRED IN CONNECTION WITH TRSL'S REPRESENTATION OF THE CLASS

18.  I understand that reimbursement of a class representative's reasonable costs and expenses is authorized under Section 21D(a)(4) of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(4). TRSL seeks reimbursement of the reasonable costs and expenses that we incurred directly relating to our representation of the Class. These costs and expenses total more than $4,015 as detailed below.

19.  The requested amount includes, among other things: compensation for my time in connection with sitting for a deposition, attending the mediation conducted by Mr. Brodsky in New York, and monitoring the litigation, reviewing court papers, and discussing the case with

our lawyers; compensation for the time that our Chief Investment Officer, Philip Griffith, spent in connection with his two-day deposition; and compensation for the time that TRSL personnel devoted to responding to discovery requests propounded by Defendants.

20.     A very conservative estimate of the time TRSL has spent related to, among other things, the activities described in the preceding paragraph, is as follows:

| Name, Title | Hours | Rate | Reasonable Cost |
|---|---|---|---|
| Mongrue (attorney) | 30 | $53 | $1,590 |
| Griffith (CFO) | 25 | $50 | $1,250 |
| Aymond (IT director) | 15 | $45 | $675 |
| Mills (admin. assistant) | 25 | $20 | $500 |
| TOTAL | 60 | | $4,015 |

21.     The hourly rates used to calculate the expenses above are conservative estimates of the hourly rates employers pay to comparable professionals in Baton Rouge, Louisiana, based upon data published by the Bureau of Labor Statistics.

22.     Although in total costs and expenses, TRSL expended considerably more than these amounts performing their oversight and monitoring duties on behalf of the Class (the costs outlined above, plus additional non-enumerated costs and expenses), TRSL is only seeking reimbursement in the amount of $4,000.

23. In light of the work performed by TRSL and the fulfillment of its fiduciary obligations to the Class, TRSL believes that the costs and expense payment is fair and reasonable and warrants this Court's approval.

Executed this 10th day of November, 2016,

_____
Roy A. Mongrue