# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PFIZER INC. SECURITIES LITIGATION

No. 04-cv-9866 (LTS)(HBP)

ECF CASE

**DECLARATION OF CLASS REPRESENTATIVE JULIE PERUSSE IN SUPPORT OF: (A) CLASS REPRESENTATIVES' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (C) CLASS REPRESENTATIVE'S REQUEST FOR REIMBURSEMENT OF REASONABLE COSTS AND EXPENSES**

I, Julie Perusse, hereby declare under penalty of perjury as follows:

1. I submit this declaration in support of: (a) Class Representatives' motion for final approval of the proposed class action Settlement reached with the Defendants in this Action; (b) Lead Counsel's motion, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and expenses; and (c) my request for reimbursement of reasonable costs and expenses incurred in connection with my representation of the Class in the prosecution and resolution of this Action.[1] I have personal knowledge of the matters set forth in this declaration and, if called upon, I could and would testify competently thereto.

## OVERSIGHT OF THE ACTION

2. I became involved in this Action in March 2011, in connection with Lead Plaintiff's Motion for Class Certification. Prior to joining this Action, I discussed with attorneys from Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), who were designated by Lead Counsel to assist in the prosecution of this Action, the responsibilities of serving as a class representative, my commitment to fulfilling these responsibilities, and the factual and legal bases

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 26, 2016, entered into by and among Class Representatives and Defendants. ECF No. 700-1.

1

for the claims asserted against Pfizer Inc. ("Pfizer") and the Individual Defendants in this Action. Throughout the course of my involvement in this litigation, I have taken those duties and responsibilities seriously and executed them to the best of my ability.

3. Since becoming involved in this Action in March 2011, I have devoted a substantial amount of time to monitoring and overseeing the prosecution of this Action. Among other things, I reviewed all significant pleadings, briefs and correspondence filed in the Action, and provided comments and analysis as needed, and received periodic status reports from and had regular communications with Kessler Topaz about case developments and strategy, including discussions regarding the relative strengths and weaknesses of the claims asserted as well as the potential for settlement.

4. After discussions with Kessler Topaz, I sought appointment as a class representative of the Class in this Action on March 28, 2011. In connection with class certification, I also participated in discovery, including responding to document requests and interrogatories. I also prepared for and testified at a deposition. On March 29, 2012, the Court appointed me Class Representative for the certified Class, along with Lead Plaintiff, Teachers' Retirement System of Louisiana, Alden Chace and Christine Fleckles.

5. I am aware of and understand the requirements and responsibilities of a class representative in a securities class action. I believe I have executed these responsibilities to the best of my ability.

6. Since being appointed Class Representative, I have continued to monitor and oversee the prosecution of this Action, and to be actively involved in all material aspects of the prosecution and resolution of this Action. In particular, throughout the course of this Action, I:

(a) received periodic status reports from and had regular communications with attorneys from Kessler Topaz, by email and telephone, regarding the posture and progress of the Action, including all major litigation strategy decisions during the prosecution of the case;

(b) received and reviewed significant pleadings, briefs and correspondence filed in the Action, and provided comments and analysis as needed;

(c) reviewed and responded to document requests and interrogatories, including by verifying written interrogatory responses, and produced records of my transactions in Pfizer common stock and other documents;

(d) prepared and sat for a deposition, which was taken on September 20, 2011, in Washington, D.C.;

(e) received and reviewed expert reports submitted in the Action;

(f) consulted with Kessler Topaz concerning the settlement negotiations and formal mediation that occurred throughout the course of the Action, including discussions concerning the appropriate range for settling the claims asserted in the Action; and

(g) evaluated and approved the proposed Settlement for $486 million in cash.

### ENDORSEMENT OF THE SETTLEMENT

7. Based on my involvement throughout the prosecution and resolution of the Class's claims, I approved the decision to enter into the Settlement. I strongly endorse the proposed Settlement and believe the proposed Settlement is a fair, reasonable and adequate result for the Class. This Settlement provides an excellent recovery for the Class, particularly in light of the substantial risks and uncertainties of Defendants' pending petition for rehearing and rehearing *en banc* ("Rehearing Petition"), trial, and continued litigation of the likely appeals that would follow a trial of this Action.

claims for over a decade, including after the case was dismissed by the Court. Their work has been of an exceptionally high caliber, with a strong commitment to professionalism and diligence. Plaintiffs' Counsel have dutifully and effectively advocated for the interests of all Class Representatives and the Class through the course of this Action. I believe that without the skill and dedication of Plaintiffs' Counsel, this Settlement would not have been achieved.

### ENDORSEMENT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

12. Prior to submitting their present fee and expense application, Kessler Topaz discussed with me Plaintiffs' Counsel's intention to apply for an award of attorneys' fees to be paid out of the Settlement Fund, as well as reimbursement of litigation expenses, subject to approval by the Court.

13. I understand that determination of the reasonableness of Plaintiffs' Counsel's fee request is left to the discretion of the Court. In my opinion, based on my experience having worked with Plaintiffs' Counsel since 2011, Plaintiffs' Counsel's present request for an award of attorneys' fees in the amount of 28% of the Settlement Fund is fair and reasonable in light of the significant work Plaintiffs' Counsel performed on behalf of the Class. I understand that the Federal Rules of Civil Procedure imposes upon the Class Representatives fiduciary obligations in overseeing Class counsel. I have taken seriously my duty as a Class Representative and believe that the attorneys' fees incurred in this case are fair in light of the result achieved for the Class and reasonably compensate Plaintiffs' Counsel for their work over the past 12 years in advancing and resolving the Class's claims.

14. I have evaluated Plaintiffs' Counsel's fee request by considering the work performed, the substantial risks undertaken by Plaintiffs' Counsel in litigating the Action, and the substantial recovery obtained for the Class. I recognize that the Settlement achieved

8. In making the determination that the $486 million Settlement represented a fair, reasonable and adequate result for the Class, I did so with an appreciation of both the strengths and weaknesses of the Class's claims, including but not limited to: (a) Defendants' Rehearing Petition, pending before the United States Court of Appeals for the Second Circuit at the time of the Settlement, which, if granted, could have had the effect of vacating the Second Circuit panel's decision to reverse the Court's order precluding the Class's loss causation and damages expert from testifying at trial, leaving the Class without any ability to prove key elements of their claims; (b) hurdles the Class would have had to overcome to prove liability at trial in the event the Rehearing Petition was denied; and (c) difficulties the Class would face in proving damages at trial, even if their damages expert was permitted to testify.

9. I also weighed the immediate benefits of resolving the claims asserted in the Action now for a sum of $486 million, versus the costs and uncertainties of further years' worth of protracted litigation and inevitable appeals—including the substantial risk that the Class would recover significantly less than $486 million (or even nothing at all) had the Action been litigated to the very end.

10. Based on the absolute dollar size of the Settlement (which I have been advised constitutes one of the largest securities law settlements ever reached with a pharmaceutical company) and the fact that the Settlement represents a substantial percentage of reasonably recoverable losses suffered by claim holders in this case (assuming the Class prevailed at trial), I believe that the Settlement represents an exceptional recovery for the Class in the face of substantial litigation risks. Accordingly, I strongly recommend approval of the Settlement.

11. I also commend the efforts of Plaintiffs' Counsel in this Action for obtaining such a recovery for the benefit of the Class and for their perseverance in prosecuting the Class's

4

represents one of the largest recoveries ever obtained against a pharmaceutical company in this kind of action, and that Plaintiffs' Counsel took a risk in commencing this matter twelve years ago, and has shouldered the cost and expense of litigating it during that time without receiving any compensation. I also was particularly impressed by Plaintiffs' Counsel's ability to convince the Second Circuit to overturn the District Court's order excluding the Class's damages expert, which paved the way for the Settlement. I believe, therefore, that Plaintiffs' Counsel's fee request of 28% of the Settlement is fair, reasonable and adequate, and properly compensates Plaintiffs' Counsel for their substantial efforts in prosecuting this Action.

15. I have also reviewed Plaintiffs' Counsel's request for reimbursement of litigation expenses and believe that the expenses being requested are fair and reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action.

16. Based on the foregoing, and consistent with my obligations to the Class, I fully support Lead Counsel's motion for an award of attorneys' fees in the amount of 28% of the Settlement Fund and reimbursement of expenses from the Settlement Fund.

### REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES IN CONNECTION WITH MY REPRESENTATION OF THE CLASS

17. I understand that reimbursement of a class representative's reasonable costs and expenses is authorized under Section 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Plaintiffs' Counsel's request for litigation expenses, I seek reimbursement of the costs and expenses that I incurred directly relating to my representation of the Class in the Action in the amount of $5,000.

18. I am a former teacher, community volunteer and member of several community boards. The time that I devoted to the representation of the Class in this Action was time that I otherwise would have spent on other activities, including my volunteer work. In total, I spent at

least 50 hours supervising and participating in the prosecution of this Action, including performing the following tasks, among others: communicating and strategizing with Kessler Topaz; reviewing pleadings, motion papers and other court documents filed on behalf of the Class (including drafts), as well as documents filed on behalf of Defendants; gathering and reviewing documents in response to Defendants' discovery requests; responding to interrogatories; preparing for and testifying at deposition; monitoring the progress of settlement negotiations; and reviewing documents related to the Settlement once it was reached. Accordingly, I seek $5,000 in reimbursement for the time I expended in connection with the representation of the Class in this Action.

## CONCLUSION

19. In conclusion, I was involved in the prosecution and resolution of the claims in this Action from 2011 to the present, strongly endorse the Settlement as fair, reasonable and adequate, and believe that the Settlement represents a significant recovery for the Class. Accordingly, I respectfully request that the Court approve Class Representatives' motion for final approval of the proposed Settlement.

20. I also support and respectfully request that the Court approve Lead Counsel's motion for an award of attorneys' fees and expenses, and believe that this request represents fair and reasonable compensation for counsel in light of the Settlement reached, the substantial work conducted and skill displayed by Plaintiffs' Counsel, and the risks of litigation. And finally, I believe my request for reimbursement of reasonable costs and expenses incurred in connection with representing the Class in this Action is fair and reasonable and warrants the Court's approval.

I declare under penalty of perjury under the laws of the United States of America that that the foregoing is true and correct.

Executed this 3 day of November, 2016

_____
Julie Perusse

8