UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

IN RE PFIZER INC. SECURITIES
LITIGATION                                                           No. 04-CV-9866-LTS-HBP

-------------------------------------------------------x

## Order

Mark Stephenson (the "Proposed Claimant") has moved pro se for reconsideration of the Court's December 15, 2023, order denying appointment of counsel to him to pursue benefits under the 2016 settlement that resolved this action, due to his failure to show that he was a member of the authorized shareholder class. (Docket entry no. 766.) The Proposed Claimant's motion, dated September 27, 2025, as well as attached materials, offers various records and theories of ownership tracing, contending that he was unable to demonstrate class membership earlier because these records were not available to him at the time of the hearing that was set in connection with his 2023 motion. (Docket entry nos. 767-69.) The current motion for reconsideration is denied for the reasons that follow, but the Court, in a separate order, will order counsel for Plaintiffs to review the Proposed Claimant's additional submissions to consider his eligibility as a later claim filer to receive any settlement funds.

## Discussion

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or (6) any other reason justifying relief.

A motion based on Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

The Court has considered the Proposed Claimant's arguments, and even under a liberal interpretation of his motion, he has failed to demonstrate that his motion for reconsideration is timely. The Proposed Claimant cites excusable neglect and newly discovered evidence in his motion under Rule 60(b)(1) and (2) (docket entry no. 767, at 1-2; docket entry no. 768, at 1), but his motion comes more than one year after entry of the Court's order for which he seeks reconsideration. Rule 60(c)(1) therefore precludes relief on those grounds.

Though the Proposed Claimant also seeks relief under Rule 60(b)(6), the motion is denied on those grounds as well. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (quoting Smith v. Sec'y of Health & Hum. Servs., 776 F.2d 1330, 1333 (6th Cir. 1985)). A motion for reconsideration cannot circumvent the one-year limitation applicable to claims under the other clauses of Rule 60(b) by invoking the residual clause of Rule 60(b)(6). Id. A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). The Proposed Claimant does not detail any "extraordinary circumstances" to warrant relief under Rule 60(b)(6) that do not otherwise fall under his argument under Rule 60(b)(1) or (2).

CONCLUSION

The Proposed Claimant has failed to demonstrate that his motion for reconsideration is timely or that extraordinary circumstances warrant relief under Rule 60(b)(6). See BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025).  His motion for reconsideration is therefore denied.  By a separate order, however, the Court will direct counsel for Plaintiffs to review the Proposed Claimant's additional submissions and report to the Proposed Claimant and the Court by November 24, 2025, as to whether the materials support an administrable claim under the terms of the settlement in the above action.

The Clerk of Court is directed to terminate docket entry nos. 767 and 769 and to mail a copy of this order to the Proposed Claimant at the address below.

SO ORDERED.

Dated: New York, New York
      October 27, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mail to:

Mr. Mark Stephenson
8152 S. Blackstone Avenue
Chicago, IL 60619